# CALIFORNIA SUGAR MANUFACTURING COMPANY *v.* JOHN SCHAFER.

CORPORATION — SUBSCRIPTION TO STOCK.— Several persons signed a paper purporting to be an agreement to take stock in a corporation, which, as the paper recited, was about to be formed; and afterwards the paper was signed by the president and secretary, and the corporate seal affixed, and an action was brought to recover from one of said subscribers the price named in the paper. The complaint did not state when the company was incorporated; and it was not shown that any of the subscribers joined in its formation, or was a member thereof, or that it owned or was authorized to sell any of its stock. *Held*, that the plaintiff could not recover.

ID.—PRESUMPTION.—The presumption is, that a corporation has none of its stock to sell.

ID.—STOCKHOLDER.—If the paper was signed after the incorporation, and could be deemed a subscription for stock, the plaintiff has no power to recover from the subscribers other than the amounts of assessments duly levied.

APPEAL from a judgment for the defendant, and an order denying a new trial, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

The complaint did not state when the plaintiff was incorporated. The certificate of its incorporation introduced in evidence was dated and filed before the date of the paper mentioned in the opinion.

*C. S. Roe*, and *N. Hamilton*, for Appellant.

Where one subscribed a writing with others, for the purpose of associating themselves to carry on a particular business, such persons will be liable, after the incorporation, for the amount subscribed, although he signed the subscription after its date and subsequent to the act of incorporation. (*Chester Glass Co.* v. *Dewey*, 16 Mass. 94.)

This case is extensively noticed in Angell & Ames on Corporations. Thus, in § 113, it is cited, showing that a member of a corporation may have all the rights, and be liable to all the duties, without his having a certificate, his rights being determined by the transfer book. In § 271, the language of the opinion is cited, showing when a member cannot dispute the existence of the corporation.

*H. J. Tilden,* for Respondent.

Neither of the parties who signed said agreement are members of said corporation, nor is there any evidence that they have incorporated.

If the officers of the plaintiff prepared said agreement, and intended to procure subscriptions for, and to contract to sell stock to, the defendant and others, the plaintiff cannot enforce it, because there is no mutuality.   (Civ. Code, § 3386 ;  *Cooper* v. *Pena,* 21 Cal. 404 ; *Lester* v. *Jewett,* 12 Barb. 503 ; *Troy & Boston R. R.* v. *Tibbits,* 18 id. 298 ; *Essex Turnpike Corporation* v. *Collins,* 8 Mass. 292 ; *Limerick Academy* v. *Davis,* 11 id. 114 ; *Doe* v. *Culverwell,* 35 Cal. 291.)

There is no proof that the corporation proven had any working stock, or what working stock is.

McKINSTRY, J.:

The action was brought to recover of defendant the sum of $500 by reason of his subscription to the paper writing following:

" Whereas, it has been resolved to incorporate a company under the laws of the State of California, for the purpose of manufacturing sugar from melons and other fruits, to be known as the ' California Sugar Manufacturing Company,' we therefore, for the purpose of raising a working capital, agree to take, and hereby do subscribe to the number of shares of the working stock of said company, set opposite our respective names, agreeing to take the same and pay therefor $5 gold coin for each share subscribed for by us respectively—$1 per share to be paid at the time of subscribing, and $1 more per share every thirty days thereafter, until the whole $5 shall be paid into the treasury—in case it is required.

" CALIFORNIA SUGAR MANUFACTURING COMPANY.

| | | | |
|---|---|---|---|
| J. POOL, | | F. A. ROE, | |
| [Seal.]   Secretary. | | President. | |
| No. Shares. | No. Shares. | Signatures. | Date. |
| Fifty shares | 50 | P. H. Gardiner | 6/19 |
| Fifty shares | 50 | J. F. Wilcox | 6/19 |
| One hundred shares | 100 | John Schafer | 6/19 " |

(And other persons whose names are here omitted.)

The words "California Sugar Manufacturing Company, J. Pool, Secretary; F. A. Roe, President," were inserted, and the corporate seal affixed, at some time after the other names were subscribed.

The plaintiff was not a party to the subscription paper, nor has it acquired any rights under it, as successor of the subscribers (other than defendant) or otherwise. No one of such subscribers is shown to have joined in the formation of the corporation plaintiff, or to be a member thereof.

The present action is not brought to recover an *assessment*.

If the subscription paper could be treated as an agreement to purchase stock of the company, there would be no mutuality in the contract, since the presumption is that the corporation had no stock to sell. (Civ. Code, §§ 343, 344.) The complaint does not allege, nor does the evidence establish, that plaintiff owned any stock, or that the disposition of stock by sale was authorized by the by-laws, or by vote of the stockholders.

If the subscription paper was signed *after* the corporation was formed, and even if the subscription can be considered as the equivalent of a subscription for stock, plaintiff has no power to treat the subscribers differently from other stockholders, or to recover from them other than the amounts of assessments duly levied.

Judgment and order affirmed.

Ross, J., and McKEE, J., concurred.