[No. 14478.   Department Two. — March 8, 1892.]

THE MARYSVILLE ELECTRIC LIGHT AND POWER COMPANY, APPELLANT, v. F. W. JOHNSON, RESPONDENT.

CORPORATION — SUBSCRIPTION TO STOCK BEFORE INCORPORATION — CONSIDERATION — OBLIGATION OF SUBSCRIBER. — A subscription to the stock of a proposed corporation for the purpose of forming it, made by several signers, is valid, the corresponding promises of the other signers and the common object sought to be accomplished constituting a sufficient consideration for the promise of each signer; and upon the formation of the proposed incorporation, and its acceptance of the agreement, each subscriber becomes bound to take and pay for the number of shares subscribed for by him.

ID. — CORPORATION NOT NAMED IN SUBSCRIPTION — CONSTRUCTION OF CONTRACT — RIGHT OF ENFORCEMENT.— The agreement of subscription is to be construed according to the evident intention of the parties, that the promise of each should inure to the benefit of the corporation when formed, which then represents the parties to the agreement, as an agent brought into existence by them; and it is not material to the right of such corporation to maintain an action upon the subscription that it is not expressly named in the subscription as the promisee.

ID. — INCHOATE CONTRACT — ACCEPTANCE BY CORPORATION. — The contract of subscription is not merely between the subscribers as individuals, but is inchoate and incomplete, as a contract, until the contemplated organization is effected, to represent the association of individual rights in accepting and acting upon the proposition offered by the several subscriptions, each of which then becomes a contract with the corporation as the common representative of the associates, which the corporation may enforce against the subscriber as a promise made for its benefit.

ID. — CALLS FOR UNPAID SUBSCRIPTIONS — MEASURE OF SUBSCRIBER'S LIABILITY — CONSTRUCTION OF CODE — NEEDS OF CORPORATION.— An agreement by a subscriber to the stock of a proposed corporation to pay the amount of his subscription upon the formation of the company and the issuance of its stock, and not as the same might be called for under section 322 of the Civil Code, is valid, and the measure of his liability is not fixed by that section of the code, but by the terms of his subscription, which may be enforced, regardless of the inability of the corporation to meet its liabilities or to satisfy the claims of creditors.

ID. — ACTION AGAINST SUBSCRIBER — ASSESSMENTS — PLEADING — SURPLUSAGE. — An action against the subscriber to stock upon his subscription, according to its terms, is not an action, under the statute, to recover assessments upon the subscribed capital stock, and the complaint need not aver an equal demand upon all of the subscribers, nor show a liability to an assessment under the statute, and any averments in regard to assessment or calls by the corporation upon the subscribers to its stock may be disregarded as surplusage.

ID. — ARTICLES OF INCORPORATION — STATEMENT OF SUBSCRIPTION TO STOCK — PLEADING — DEMURRER — ANSWER. — Where the complaint upon a

subscription to the stock of a proposed corporation does not show upon its face that the articles of incorporation failed to state that the defendant was a subscriber to its stock, it is not liable to a general demurrer upon that ground.

APPEAL from a judgment of the Superior Court of Yuba County.

The facts are stated in the opinion of the court.

*C. A. Webb,* and *W. G. Murphy,* for Appellant.

The contract is actionable and may be enforced, the corporation having been formed, and Johnson not having in the mean time withdrawn. (Taylor on Corporations, 93.) A subscription by a number of persons to the stock of a corporation to be thereafter formed by them is a contract between the subscribers themselves to become stockholders, without further act on their part, immediately upon the formation of the corporation, and is binding and irrevocable from the date of subscription, unless canceled by the consent of the subscribers before the acceptance by the corporation; and is also a continuing offer to the proposed corporation, which, upon the acceptance of it after its formation, becomes as to each subscriber a contract between him and the corporation. (*Minneapolis Threshing Machine Co. v. Davis,* 40 Minn. 110; 12 Am. St. Rep. 701; 1 Morawetz on Private Corporations, sec. 47.) The corporation has accepted the subscription and offer of the defendant, by including the defendant in the corporation, and by issuing stock to him. No formal acceptance by the corporation is necessary in order to enforce a subscription. (*Strasburg R. R. Co. v. Etchternacht,* 21 Pa. St. 220; 60 Am. Dec. 49; Morawetz on Private Corporations, sec. 56; *Bullock v. Falmouth etc. Road Co.,* 85 Ky. 184.) A subscription for shares implies a promise to pay for them, and this promise sustains an action to collect. (Cook on Stocks and Stockholders, sec. 69; Thompson on Liability of Stockholders, sec. 105.) And this rule prevails in regard to subscriptions taken before incorporation, as well as to

those taken after corporation. (Cook on Stocks and Stockholders, sec. 70.) The defendant is liable and responsible for the amount subscribed, for the reason that the subscription was for a common fund,—for a common purpose. (*Edenboro Academy* v. *Robinson*, 37 Pa. St. 350; *Christian College* v. *Hendley*, 49 Cal. 350.) If it be contended that the agreement is only a preliminary agreement, then the defendant is liable for the amount subscribed, as he then became a share-holder from the moment the conditions mentioned in the contract were performed. (1 Morawetz on Private Corporations, sec. 56.) This action is no more nor less than an action upon a contract for the direct payment of money, the terms of which have been fully performed and complied with on the part of the plaintiff. (*Mitchell* v. *Beckman*, 64 Cal. 121; *Alpers* v. *Superior Court*, 3 West Coast Rep. 526.) The agreement signed by the defendant is a contract between the defendant and the corporation plaintiff. It enables the defendant to compel the corporation plaintiff to give him the legal evidence of his being a stockholder upon his complying with the terms of his subscription; and on the other hand, it puts into the power of the corporation to compel the defendant to pay for his shares, and thereby to become a share-holder in fact to the amount, neither party being permitted to escape from the obligations created by the subscription. (1 Waterman on Private Corporations, 166; 1 Morawetz on Corporations, sec. 56; 1 Potter on Corporations, secs. 227, 228, pp. 297, 298; Angell and Ames on Corporations, 7th ed., secs. 517, 519, note 3, 523; *Phœnix Warehousing Co.* v. *Badger*, 67 N. Y. 300; *Dutchess Mfg. Co.* v. *Davis*, 14 Johns. 238; 7 Am. Dec. 459; *Spear* v. *Crawford*, 14 Wend. 25; 28 Am. Dec. 513; *Connecticut etc. R. R. Co.* v. *Baily*, 24 Vt. 465; 58 Am. Dec. 182; *Peninsular R. R. Co.* v. *Duncan*, 28 Mich. 130; *Hughes* v. *Antietam Mfg. Co.*, 34 Md. 317.) The form of the subscription or the agreement is immaterial, if the intent of the subscribers can be collected from the writing; and the paper must be read in connection with the articles of incorporation, and will be

considered sufficient if it indicates that the subscriber intends to become a share-holder in the corporation, and fixes the amount of his shares. (*Nulton* v. *Clayton*, 54 Iowa, 425; 37 Am. Rep. 213; 1 Morawetz on Private Corporations, 68.) The preliminary contract entered into by the defendant is a contract of subscription, and, as such, becomes binding and effectual as soon as the subscribers to the contract set forth in plaintiff's complaint have complied with the code as to the formation of corporations, and such subscription is then enforceable. (*Troy and Boston R. R. Co.* v. *Tibbetts*, 18 Barb. 303.) The contract of subscription is as binding as a promissory note. (*Hatch* v. *Dana*, 101 U. S. 205.) The liability of subscribers for the amount of their unpaid subscriptions to the capital stock of corporations is a several and not a joint liability, and they stand in the relation of a debtor to the corporation. (*Ogilvie* v. *Knox I. Co.*, 22 How. 380.) In an action upon a contract of subscription, it is not even necessary to notify the subscriber that the amount subscribed by him is due and payable to the company. (*New Albany R. R. Co.* v. *McCormick*, 10 Ind. 499; 71 Am. Dec. 337; *Johnson* v. *R. R. Co.*, 11 Ind. 280.) The members of a corporation may be compelled to contribute their respective shares of the capital stock, by an action at law brought in the name of the corporation. (1 Morawetz on Corporations, sec. 122; *Hughes* v. *Antietam Mfg. Co.*, 34 Ind. 317.) The personal liability of defendant is not negatived by the provisions in the code authorizing the corporation to sell stock of delinquent share-holders; the remedy by forfeiture is merely cumulative, and a corporation may, notwithstanding such provisions, enforce the personal liability of the defendant to contribute the amount of capital he has expressly or impliedly agreed to contribute. (*H. & H. R. R. Co.* v. *Kennedy*, 12 Conn. *512, *526; *Buffalo etc. R. R. Co.* v. *Dudley*, 14 N. Y. 336; *Lake Ontario R. R. Co.* v. *Mason*, 16 N. Y. 451; *Rensselaer Plank Road Co.* v. *Barton*, 16 N. Y. 460; *Northern R. R. Co.* v. *Miller*, 10 Barb. 273; *W. & Miss. R. R. Co.* v. *Dyer*,

49 Iowa, 125; 1 Morawetz on Private Corporations, 129; *Cahaba etc. Co.* v. *Beene,* 3 Ala. 685.) Statutes conferring authority upon corporations to forfeit and sell the shares of delinquent subscribers do not, by implication, exclude the common-law remedy for the enforcement of payment. (Boone on Corporations, 935; *Hightower* v. *Thornton,* 8 Ga. 486; 52 Am. Dec. 412; *Spear* v. *Crawford,* 14 Wend. 20; 28 Am. Dec. 513; *Selma etc. R. R. Co.* v. *Tipton,* 5 Ala. 787; 39 Am. Dec. 344; *New Hampshire etc. R. R. Co.* v. *Johnson,* 30 N. H. 390; 64 Am. Dec. 300; *Connecticut etc. R. R. Co.* v. *Bailey,* 24 Vt. 465; 58 Am. Dec. 151; 2 Beach on Corporations, 584.) The provisions of the code have not deprived the corporation of its action on *assumpsit.* (Cook on Stocks and Stockholders, sec. 124.) In signing a subscription for stock in a corporation, it is a part of the contract that the provisions of the code, or the general law of incorporation, shall be complied with, and the necessary preliminary steps shall be taken, before the contract becomes operative, but as soon as the formalities of law regarding the formation of corporations are effected, the subscribers can be compelled to contribute the amount subscribed. (*Monterey etc. R. R. Co.* v. *Hildreth,* 53 Cal. 123; *Minneapolis Threshing Machine Co.* v. *Crevier,* 39 Minn. 417.) The corporation is the proper party to sue, as it is the party in interest for whose benefit the promises were made, and which acquired all the interests under the agreement subscribed by the respondent. (1 Beach on Corporations, sec. 63, p. 130; *Minneapolis Threshing Machine Co.* v. *Crevier,* 39 Minn. 418.) The preliminary subscription of the defendant for stock inures to the benefit of the corporation. (Taylor on Corporations, sec. 108, p. 76; *Griswold* v. *Peoria University,* 26 Ill. 43; 79 Am. Dec. 361; *Cross* v. *Pinckneyville Mill Co.,* 17 Ill. 57; Waterman on Corporations, sec. 177; Angell and Ames on Corporations, sec. 523; *Eastern Plank Road Co.* v. *Vaughan,* 14 N. Y. 555.) And the corporation is the proper party to bring an action upon a subscription, it being the beneficiary of such contract, and, by operation of law, the successor in

interest to the subscribers.   (*Taggart* v. *Western Maryland R. R. Co.*, 24 Md. 563; 89 Am. Dec. 760; *Western Development Co.* v. *Emery,* 61 Cal. 614; Morawetz on Private Corporations, secs. 47, 50, 122; *Upton* v. *Tribilcock,* 91 U. S. 45; *Chub* v. *Upton,* 95 U. S. 665; *Athol Music Hall Co.* v. *Carey,* 116 Mass. 473.)   A corporation when organized may sue a delinquent subscriber, and the objection that it was not in existence at the time the subscription was made is not tenable; and it seems that it is not even necessary to expressly designate a payee or an agent for the purposed corporation.   (*Ashuelot Boot and Shoe Co.* v. *Hoit,* 56 N. H. 548; *A. & N. L. R. R. Co.* v. *Smith,* 15 Ohio St. 336.   See *Porter* v. *Raymond,* 53 N. H. 519.)   The corporation was the " person " for the benefit of whom the promise contained in the written agreement signed by the defendant was made, and is the beneficiary, and therefore may sue, without joining other parties with whom the contract was made, though no consideration moved from it.   (Code Civ. Proc., sec. 367; 1 Morawetz on Private Corporations, sec. 50; *Western Development Co.* v. *Emery,* 61 Cal. 614; 15 Am. Law Rev. 240; *Schemerhorn* v. *Vanderheyden,* 1 Johns. 140; 3 Am. Dec. 304; *Delaware and Hudson Canal Co.* v. *Westchester Co. Bank,* 4 Denio, 97.)   Before incorporation, the subscribers had an interest in the agreement of the defendant, and after the incorporation of the subscribers, the corporation acquired a vested interest in the defendant's agreement, and could be the only proper party to bring this action.   (*Lake Ontario etc. R. R. Co.* v. *Mason,* 16 N. Y. 463; 2 Morawetz on Private Corporations, sec. 59; *Garrett* v. *R. R. Co.,* 78 Pa. St. 468; *Hughes* v. *Antietam Mfg. Co.,* 34 Md. 328.)   When a person subscribes to the capital stock of a corporation before the incorporation of the company, his subscription may be withdrawn at any time before the incorporation is completed; but if the subscriber suffers his subscription to remain unrevoked, the contract takes effect on the day the corporation comes into existence, and the subscription cannot be revoked.   (*Stanton* v. *Wilson,* 2 Hill, 154;

*Santa Cruz R. R. Co.* v. *Schwartz,* 53 Cal. 106; *Buffalo R. R. Co.* v. *Dudley,* 14 N. Y. 336; *Ashuelot Boot and Shoe Co.* v. *Hoit,* 56 N. H. 548; *Garrett* v. *R. R. Co.,* 78 Pa. St. 468; *Cross* v. *Pinckneyville Mill Co.,* 17 Ill. 58.) The contract was made upon a sufficient consideration. (Civ. Code, sec. 1605; 1 Parsons on Contracts, 448; Boone on Corporations, 109; *Bucksport R. R. Co.* v. *Buck,* 65 Me. 536; *Boston R. R.* v. *Wellington,* 113 Mass. 79.) By the terms of the contract, the money is due and unpaid, and an action may be brought upon the contract to enforce the defendant's personal liability. (*Instone* v. *Frankfort Bridge Co.,* 2 Bibb, 576; *Bullock* v. *Falmouth etc. Turnpike R. Co.,* 85 Ky. 184; *Ranch Land Co.* v. *Herberger,* 82 Cal. 602.) The corporation, being a legal entity distinct from the individuals composing it, can sue the incorporators, or be sued by them. (*Barnstead* v. *Empire M. Co.,* 5 Cal. 299.) The defendant cannot set up the non-existence of the corporation at the time of making his subscription (*Anderson* v. *R. R. Co.,* 12 Ind. 376; 74 Am. Dec. 218), and is bound by the terms of his contract.

*W. H. Carlin,* for Respondent.

The preliminary subscription agreement is not enforceable at the suit of this corporation, which was not a party to it, was not in existence at its execution, is not named in it, and is not even shown to be now in possession of it. (*California Sugar Mfg. Co.* v. *Schafer,* 57 Cal. 396; *Monterey etc. R. R. Co.* v. *Hildreth,* 53 Cal. 127; *West* v. *Crawford,* 80 Cal. 19; *Poughkeepsie etc. Co.* v. *Griffin,* 24 N. Y. 150; *Lake etc. R. R. Co.* v. *Curtiss,* 80 N. Y. 219; *Troy and Boston R. R. Co.* v. *Tibbits,* 18 Barb. 297; *Troy and Boston R. R. Co.* v. *Warren,* 18 Barb. 310; *Thresher* v. *Pike Co. R. R. Co.,* 25 Ill. 393; *Strasburg R. R. Co.* v. *Etchternacht,* 21 Pa. St. 220; 60 Am. Dec. 49; *Conn. R. R. Co.* v. *Bailey,* 24 Vt. 465; 58 Am. Dec. 181; *Galt's Ex'rs* v. *Swain,* 9 Gratt. 633; 60 Am. Dec. 311; *Abbott* v. *Hapgood,* 150 Mass. 248; 15 Am. St. Rep. 193.) Even those authorities which hold such an agreement enforceable at the suit

of the corporation proceed upon the theory that the preliminary subscription is an offer, which may be accepted by the corporation at organization, and that it is an offer to become a share-holder on the part of the signer, which may be accepted, and a contract consummated by the admission of the signer as a stockholder. (*Athol Music Co.* v. *Carey*, 116 Mass. 471.) It is not shown that defendant has been admitted as a stockholder into this corporation as the owner of or the person entitled to stock to the extent of one thousand dollars, or any other sum. Such a showing is necessary. (*Monterey etc. R. R. Co.* v. *Hildreth*, 53 Cal. 127; Civ. Code, sec. 290, subd. 7.) Although, generally, a corporation may elect, in the collection of an assessment, between the method by sale and forfeiture of stock and an ordinary action, yet this is so only where its charter is silent on the subject. (1 Morawetz on Private Corporations, sec. 143, and cases cited.) The charter of a corporation formed under general laws is to be found in its articles of incorporation, and the general laws applicable to corporations in the state in which it is organized. (1 Morawetz on Private Corporations, sec. 318, and cases cited.) Sections 331 to 349, inclusive, of the Civil Code constitute a part of the charter of this corporation, and their provisions must be obeyed. The defendant cannot be held liable in this action, regardless of the conduct of the corporation since its creation, simply on the last clause of the said signed subscription paper, — "Amounts to be due and payable on the formation of the company and the issuance of the stock." Such a promise, even if the above could be dignified by the name of promise, is collateral to the agreement to take stock. (Morawetz on Private Corporations, sec. 129, and cases cited.) If it could be called a promise, it would be invalid. It is without consideration. It is fatally indefinite. It neither names nor refers to a promisee or other beneficiary, and hence draws the case out of the rule laid down in *West* v. *Crawford*, 80 Cal. 19.

DE HAVEN, J. — This is an action brought by the plaintiff against the defendant upon the following agreement, alleged to have been signed by him and others: "For the purpose of forming a corporation to have for its object the furnishing of the incandescent system of electric lighting to those who may desire the same, and to provide the funds for the purchase of the necessary plant, we, the undersigned, hereby subscribe for stock to the amount set opposite to our respective names. Amounts to be due and payable upon the formation of the company and the issuance of the stock."

The complaint alleges that the agreement was made and signed in contemplation of incorporating the plaintiff for the purpose of carrying on the business therein stated, and that thereafter it was duly incorporated under the laws of this state, by the defendant and the other persons signing said agreement. It is further alleged "that said corporation, this plaintiff, succeeded to and acquired all the rights of said subscribers, and each of them, to the amounts so subscribed" under the said agreement, and that plaintiff has issued its stock to the subscribers, and tendered to the defendant the amount of stock subscribed for by him, and that he has refused to pay for the same. It is also alleged that plaintiff "duly made," at different times, calls for fifteen, sixty, and twenty-five per cent of the amounts so subscribed by the defendant and others. The court below sustained a demurrer to the complaint, upon the ground that the facts therein stated are not sufficient to constitute a cause of action. This ruling of the court presents the only question to be considered by us at this time.

1. The agreement above set out is certainly valid; the corresponding promises of the other signers, and the common object sought to be accomplished by all the parties to it, constitute a sufficient consideration for the promise of defendant; and upon the formation of the plaintiff corporation by the persons signing the agreement, and plaintiff's acceptance of the agreement, the defendant became bound to take and pay for the number

of shares subscribed for by him. (*Athol Music Hall Co.* v. *Carey,* 116 Mass. 471; *Red Wing Hotel Co.* v. *Frederick,* 26 Minn. 112; *Hughes* v. *Antietam Mfg. Co.,* 34 Md. 316; *International Fair and Exposition Ass'n* v. *Walker,* 83 Mich. 386.) And it is not material to the right of the plaintiff to maintain this action that it is not expressly named in such agreement as the promisee. The agreement is to be construed according to the evident intention of the parties to it. It just as clearly appears that it was the intention of all the parties that the promise of each should inure to the benefit of the corporation when formed as if such intention were expressly declared; and therefore, in legal effect, the promise of defendant was to pay to the plaintiff corporation when organized. The corporation really represents the parties to the agreement; it was brought into existence by them as an agent to carry on the business named in the agreement, and through which they were to secure the benefits to arise from their mutual and corresponding promises.

There is no difference in principle between the above contract signed by the defendant in this case, and that construed by the supreme court of Massachusetts in the case of *Athol Music Hall Co.* v. *Carey.* 116 Mass. 471. In that case the agreement was, that the parties signing it would form a corporation, and "pay to the treasurer of the corporation the amount of the several shares" subscribed for, and, in speaking of such an agreement, the court said: "In agreements of this nature entered into before the organization is formed, or the agent constituted to receive the amounts subscribed, the difficulty is to ascertain the promisee, in whose name alone suit can be brought. The promise of each subscriber 'to and with each other' is not a contract capable of being enforced, or intended to operate literally as a contract to be enforced, between each subscriber and each other who may have signed previously, or who should sign afterwards, nor between each subscriber and all the others collectively as individuals. The undertaking is inchoate and incomplete as a contract until the contemplated or-

ganization is effected, or the mutual agent constituted to represent the association of individual rights in accepting and acting upon the proposition offered by the several subscriptions. When thus accepted, the promise may be construed to have legal effect according to its purpose and intent and the practical necessity of the case, to wit, as a contract with the common representative of the several associates."

In *Ashuelot Boot and Shoe Co.* v. *Hoit*, 56 N. H. 548, certain persons signed the following paper: "The undersigned mutually agree that they will take and pay for the number of shares set against their respective names in the capital stock of a corporation to be organized under the general statute of New Hampshire, for the purpose of manufacturing boots," etc. Immediately following the names of those signing this agreement, the defendants in that action signed the following: "We, the undersigned, agree to pay in cash a gratuity of one thousand dollars." The plaintiff in that case was subsequently incorporated by the persons who had subscribed the above- agreement to take its stock, and brought the action to recover the gratuity of one thousand dollars agreed to be paid by the defendants therein, and the court held that the action could be maintained, although the plaintiff was not named in the written promise of defendants to pay such gratuity, nor was it in existence when defendants signed the same. The court said: "The agreement was on the one part by the subscribers to the stock, of whom the plaintiffs are the successors, or rather, with the plaintiff, — for the understanding and agreement was that the subscribers to the stock should unite and form the plaintiff corporation, — and on the other part by the defendants."

So in this case, the agreement between the parties signing it was, in legal effect, that they would form the plaintiff corporation, and pay to it, as their common representative, the amount by them subscribed for its stock, and the plaintiff is therefore authorized to sue upon such agreement as a contract made for its benefit.

2. The averments of the complaint in regard to the assessments or calls made by plaintiff upon those signing the agreement do not add any strength to it, and may be disregarded as surplusage. There is in the complaint an entire failure to state any facts showing that the plaintiff had the right under the statute to make assessments or calls in the amounts named, and it is evident that the action is not to recover assessments upon the subscribed capital stock of the plaintiff, but upon the agreement above set out.

Section 332 of the Civil Code, so far as the same applies to corporations like the plaintiff, declares: " No one assessment must exceed ten per cent of the amount of the capital stock named in the articles of incorporation, except in the cases in this section otherwise provided for, as follows: 1. If the whole capital of a corporation has not been paid up, and the corporation is unable to meet its liabilities or to satisfy the claims of its creditors, the assessment may be for the full amount unpaid upon the capital stock; or if a less amount is sufficient, then it may be for such a percentage as will raise that amount."

The respondent insists that if plaintiff is entitled to recover upon defendant's subscription to its capital stock as contained in the agreement under consideration, it cannot demand the full amount subscribed, unless the same is presently needed to meet its liabilities or to satisfy the claims of its creditors; and that as the complaint fails to show such a necessity, or that the plaintiff corporation is making an equal demand upon all the subscribers, the demurrer was properly sustained. This action, however, as we have seen, is not one brought under the statute to recover assessments upon the subscribed capital stock of the plaintiff, but is upon the agreement above set out, and that provides that the amount subscribed is " to be due and payable upon the formation of the company and the issuance of the stock," and in this respect the agreement is similar to that considered by this court in *West* v. *Crawford*, 80 Cal. 19, and

in relation to which the court, in its opinion by Works, J., said: "Here is a positive agreement on the part of the parties who subscribed to this stock to pay a fixed and certain sum of money at a certain time to a certain party. It is clear from the contract itself that it was not the intention that the liability to pay the sum of money named should in any way depend upon an assessment being made by the corporation after its organization. This is quite clear from the fact that the payment is fixed so soon after the organization of the company that such an assessment and its enforcement would have been impossible."

So in this case, the agreement of defendant was to pay the amount of his subscription upon the formation of the company and the issuance of its stock, and not as the same might be called for under section 332 of the Civil Code, above quoted; and the agreement being a valid one, and this action being one to enforce it, the measure of defendant's liability is fixed by its terms, and not by the section of the code referred to.

The case of *California Sugar Mfg. Co.* v. *Schafer*, 57 Cal. 396, cited by respondent, is not in conflict with the conclusion we have reached upon this point. There the agreement was to take shares at five dollars each, "one dollar per share to be paid at the time of subscribing, and one dollar more per share every thirty days thereafter, until the whole five dollars shall be paid into the treasury, *in case it is required.*"

The agreement in that case was made after the plaintiff therein was incorporated; the promise to pay the balance remaining after the first payment was not absolute, as is that of defendant here, but was conditional, and necessarily contemplated that calls should be made upon all alike, and no more should be collected from any one than his proportion, and the court construed the same as having been made with reference to the statute, which declares the circumstances under which corporations may by assessment call for payment of the full amount of their subscribed capital stock.

3. It is lastly claimed by the respondent that the complaint does not show that the defendant was named in the articles of incorporation as a subscriber for the stock of plaintiff, and that therefore the complaint is insufficient under the rule announced in *Monterey etc. R. R. Co.* v. *Hildreth*, 53 Cal. 123. It is sufficient to say upon this point that the complaint does not show that plaintiff's articles of incorporation failed to state that defendant was a subscriber to, or the amount of his subscription to, its capital stock. It is therefore good as against a general demurrer.

If, in the articles of incorporation, the offer of defendant to subscribe for shares of its stock, as contained in the agreement sued upon, was rejected, and the defendant thereby excluded as a share-holder, the fact must be shown by answer. Such a defense, if it exists, does not arise upon the face of the complaint in this action.

Judgment reversed.

SHARPSTEIN, J., and McFARLAND, J., concurred.