## AUBURN OPERA HOUSE AND PAVILION ASSOCIATION v. HILL.

### No. 18,097; March 9, 1893.

#### 32 Pac. 587.

Corporate Stock—Liability on Subscriptions.—In an Action by an opera-house company to recover a subscription to its capital stock, it appears that a "prospectus" recited in detail the objects of the intended corporation, the amount of stock, etc., and that the sub-

scriptions were to be called in on installments; that defendant signed the prospectus for a certain number of shares; that four calls had been ordered by the board of directors, and payment demanded; and that defendant had failed to pay. Held, that plaintiff was entitled to recover.[1]

Corporate Stock—Liability on Subscriptions.—Such Prospectus stated that the building was "to be built by a corporation with a capital stock of $20,000, consisting of one thousand shares at twenty dollars per share." Held, that it was not a condition precedent to defendant's liability that $20,000 of plaintiff's stock should be first subscribed for.[2]

Corporate Stock—Liability on Subscriptions.—It Appeared That Defendant was one of plaintiff's directors for two months, during which time he signed the articles of incorporation, was present at meetings of the board when the calls for the first two installments were ordered, and voted in favor of accepting the building lot, and that he served as a member of the building committee, prepared several plans for building, and consulted various architects and contractors about the same. Held, that, though the subscription for the full amount of stock mentioned in such contract was a condition precedent to defendant's liability, he had waived any objection on the ground that such amount was not subscribed.[3]

APPEAL from Superior Court, Placer County; W. II. Grant, Judge.

Action by the Auburn Opera House and Pavilion Association against George M. Hill on a contract of subscription to stock in such corporation. From a judgment for defendant, plaintiff appeals. Reversed.

The complaint set out the prospectus in full, which constitutes the alleged contract signed by defendant, as follows: "Object: To build an opera house and pavilion, combined, in Auburn, Placer county, California. To be built by a corporation with a capital stock of $20,000, consisting of one thousand shares at twenty dollars per share. The property to be owned by the shareholders, and controlled and managed

---

[1] Cited in Auburn etc. Assn. v. Hill, 113 Cal. 383, 45 Pac. 696, as part of the history of the case which was being decided on its second appeal, in effect affirming the other.

[2] Cited in the note in 93 Am. St. Rep. 349, on the liability to corporations of subscribers to their stock.

[3] Cited in the note in 93 Am. St. Rep. 380, 383, on the liability to corporations of subscribers to their capital stock.

by a board of trustees. The building to be used for opera-house purposes, balls, large assemblies, reunions, and conventions, and with the pavilion annex for district fair exhibits, circus exhibits, celebrations and drill-hall. The revenues to pay dividends on stock will be derived from rentals of store-rooms below and offices above on street front, and theatricals, balls, fairs, etc., etc., from rear portions of building. The location of the building, and the selection of the trustees, to be determined by the subscribers of the majority of the stock. As the district fair is again approaching, the above suggestions, if carried out, will solve the vexed question of a permanent exhibit hall for our district fair, besides furnishing a much-needed public building for Auburn. The subscriptions to be called in on installments, as needed to purchase a site, and erect and furnish the building.'' The names of subscribers, with the number of shares and the amount subscribed, follow. It was also stated in the complaint that, when stock to the amount of $17,660 was subscribed, it was agreed among all the subscribers—defendant being one—that such sum was sufficient for the purpose intended, and waived the procuring of subscriptions to the full amount; that defendant was actively promoting said corporation; that the subscribers selected five trustees, among whom was defendant; that they purchased ground selected by such shareholders, and paid the money therefor, and also for the building erected thereon; and that plaintiff, by its board of directors, made calls and demands for installments on the several subscribers as follows: One-fourth of each subscription, May 2, 1890; one-fourth, July 6, 1890; one-fourth, August 26, 1890; and one-fourth, October 2, 1890—at which times such calls and demands were made on defendant, but he failed and refused to pay the same, or any part thereof. It appeared that defendant was elected a director May 2, 1890, and remained such until July 6, 1890, when his resignation was accepted; that while a director he signed and acknowledged the articles of incorporation, served as a member of the building committee, prepared several drafts and plans for building, and consulted various architects and contractors about such building; and that as such director he was present at the meeting when the first call for an installment was ordered, and voted in favor of accepting the

building lot which had been previously reported; also that the second call, made while defendant was still a director, was ordered by a unanimous vote. It was contended by defendant that the prospectus was too indefinite and uncertain to constitute a contract; that, if it did constitute a contract, it required that stock should be subscribed for to the amount of $20,000 before it became binding on any of the subscribers; and that defendant had not waived such condition.

J. O. Hamilton and G. W. Hamilton for appellant; Johnson, Johnson & Johnson and John M. Fulweiler for respondent.

PER CURIAM.—1. Under defendant's contract of subscription for the stocks of plaintiff, as contained in the prospectus signed by defendant, and upon the facts alleged in the complaint as to plaintiff's calls or demands for the amount agreed to be paid for such subscribed stock, the plaintiff is entitled to maintain this action: Marysville Electric Light Co. v. Johnson, 93 Cal. 546, 27 Am. St. Rep. 215, 29 Pac. 126; California Southern Hotel Co. v. Callender, 94 Cal. 120, 28 Am. St. Rep. 99, 29 Pac. 859.

2. It was not a condition precedent to defendant's liability that $20,000 of plaintiff's stock should be first subscribed for; but, were it otherwise, the defendant has waived the objection which he now makes upon this ground: Hotel Co. v. Callender, supra. Indeed, the acts of defendant constituting such waiver are stronger than those held to have that effect in the case cited. Judgment and order reversed.