[Sac. No. 110.   Department One.—July 22, 1896.]

## AUBURN OPERA HOUSE AND PAVILION ASSOCIATION, RESPONDENT, *v.* GEORGE M. HILL, APPELLANT.

APPEAL—REVIEW OF EVIDENCE—IMMATERIAL FINDINGS.—Where the admissions of the pleadings and the evidence sustain all the material findings, it can make no difference to the judgment whether other findings of immaterial facts which have no proper place in the pleadings are or are not sustained by the evidence.

ID.—LAW OF THE CASE—CONSTRUCTION OF PLEADINGS—PROSPECTUS OF CORPORATION—SUBSCRIPTION TO STOCK—CONTRACT—CALLS BY CORPORATION.—Where the pleadings remain unchanged, the construction given to them upon a former appeal becomes the law of the case upon a second appeal; and where upon a former appeal it was held that a complaint by a corporation against a subscriber to a "prospectus" for its organization, who subscribed for shares therein, showed a contract of subscription to the stock of the corporation as contained in the "prospectus" signed by the defendant, and that upon the facts alleged in the complaint as to the calls or demands for the amount agreed to be paid by defendant for such subscribed stock, the plaintiff is entitled to maintain the action, such construction of the complaint is the law of the case upon the second appeal, and it cannot be urged that the prospectus did not constitute a contract, and that the only liability of the defendant was for assessments made or provided in the Civil Code.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial. W. H. GRANT, Judge.

The action was brought to recover the sum of one thousand dollars upon a subscription by defendant to a "prospectus" for the building of an opera house and pavilion in Auburn, Placer county, to be built by a corporation to be formed for that purpose, having a capital stock of twenty thousand dollars, consisting of a thousand shares at twenty dollars per share, the subscription to be called in on installments, and the names of the subscribers with the number of shares and the amount subscribed being appended to the "prospectus." The action was brought by the corporation formed pursuant to the "prospectus," upon calls made by it upon the shares of stock subscribed by defendant to the "prospectus." Further facts are stated in the opinion of the court, and in the opinion rendered upon the former appeal reported in 32 Pac. Rep. 587.

*John M. Fulweiler*, for Appellant.

*Joe Hamilton*, and *George W. Hamilton*, for Respondent.

VAN FLEET, J.—This is a second appeal. On the former appeal a judgment in favor of the defendant was reversed. (*Auburn etc. Assn.* v. *Hill*, 32 Pac. Rep. 587.) Judgment was in favor of plaintiff at the second trial, and defendant now appeals therefrom and from an order denying his motion for a new trial.

1. There is nothing substantial in the claim that certain of the findings are not sustained by the evidence. Of the material facts in the case—that defendant signed the prospectus, which is the basis of the plaintiff's action; that demand was made upon him for the amount of his subscription; and that he has not paid it or any part of it—the first and last are not denied, while the evidence is uncontradicted in support of the second.

The other matters about which there is some controversy in the briefs—whether the evidence shows that defendant participated in all the meetings of the board of directors of plaintiff down to the time of his resignation therefrom; whether he consented to the purchase

of the Lardner lot; and as to the manner in which the proposed amount of the capital stock of plaintiff was increased from twenty thousand dollars to thirty thousand dollars, and others not necessary to enumerate— are things wholly immaterial to the merits of this action, had no proper place in the pleadings, and whether correctly found upon or not can make no difference to the judgment.

2. The defendant's contention that the prospectus did not constitute a contract, and that he cannot be held liable thereon as such; that his only liability is as a stockholder of the corporation, to be proceeded against by the method of levying and collecting assessments provided by the Civil Code, is concluded by the judgment of this court on the former appeal, where it is said: "Under defendant's contract of subscription for the stock of plaintiff as contained in the prospectus signed by defendant, and upon the facts alleged in the complaint as to plaintiff's calls or demands for the amount agreed to be paid for such subscribed stock, the plaintiff is entitled to maintain this action."

The pleadings remaining unchanged, the construction given them in the former opinion of this court becomes the law of the case.

The other points demand no special notice. We have examined them and are satisfied they involve no material error.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.