Mr. Justice Figueras did not take part in the decision of this case.

---

## BELBER v. CALVO.

APPEAL from the District Court of San Juan, Section 1.

No. 468.—Decided May 19, 1910.

ACTION TO RECOVER REMUNERATION FOR SERVICES—ADMISSION OF EVIDENCE—CONTRACT ENTERED INTO BY DEFENDANT AND A THIRD PERSON NOT A PARTY TO THE SUIT.—The defendant having specifically alleged in his answer to the complaint that he had not contracted directly with the plaintiff for the services the value of which it is sought to recover, but that his dealings were with another party whom he had paid for his services and who had utilized the services of the plaintiff, the· court held that such an allegation in the answer to the complaint, if properly proved, constituted a good defense, and it not having been stricken out, it was not error for the trial court to admit evidence in regard to the contract entered into by the plaintiff and a third person, because of the relation which it seemed to establish between the contract and the plaintiff.

ADMISSION OF DIRECT AND INDIRECT EVIDENCE.—The trial court has the power to admit either direct or indirect evidence which proves or refutes the allegations contained in the complaint.

ADMISSION OF EVIDENCE—RULES GOVERNING ADMISSION OF EVIDENCE IN PROCEEDINGS HAD BEFORE A COURT OF LAW.—In civil cases tried before a court of law without a jury a wider latitude is allowed in the admission of evidence than would be permitted in jury trials, and courts are not subject to the strict rules of evidence that govern the admission of evidence in trials before a jury.

ORIGINAL COMPLAINT AMENDED—INTRODUCTION THEREOF IN EVIDENCE.—An original complaint which has been amended is not admissible in evidence for the purpose of proving the allegations therein contained.

ID.—INTRODUCTION OF ORIGINAL COMPLAINT TO IMPEACH THE VERACITY OF A WITNESS.—Where the object in introducing in evidence an original complaint, which has been amended, is to attack the credibility of plaintiff's own testimony, it is admissible for that purpose.

ADMISSION OF EVIDENCE—PERTINENT QUESTION.—It is not error to admit in evidence a question which is pertinent from any point of view.

OBJECTION TO EVIDENCE—FAILURE TO ENTER EXCEPTION.—The reading of a document as evidence being impertinent, such evidence must be objected to, and if the court rules adversely, an exception should be entered and the ruling of the trial court thereon should be alleged as an error in the appellate court.

REVERSAL OF JUDGMENT—ERRORS NOT MATERIAL.—Even though errors may have been committed, if they are not material they do not constitute a cause that would justify the reversal of the judgment appealed from.

TRIAL BEFORE COURT OF LAW—ADMISSION OF IMPERTINENT EVIDENCE.—Although a court may err in the exclusion of evidence, it rarely occurs that the admission of impertinent evidence is a prejudicial error, because the court has the power, up to the last moment, of disregarding impertinent testimony, and may render its judgment on the essential facts which have been proven.

ID.—PRESUMPTION.—Where nothing to the contrary appears in the record the presumption is that the court disregarded any impertinent testimony that may have been given and, therefore, that it did not err in rendering its judgment.

DEFENDANT'S EVIDENCE—REFUSAL OF COURT TO ALLOW INTRODUCTION THEREOF.— Even supposing that the court errs in refusing, after the evidence for the plaintiff is in, to permit the defendant from introducing his evidence, such an error is not prejudicial to the plaintiff, nor does it deprive him of any substantial right, and he will not be heard to complain on that account.

ARGUMENT OF COUNSEL FOR PLAINTIFF—REFUSAL OF COURT TO HEAR SAME—DIS-CRETIONARY POWER OF TRIAL JUDGE.—The trial court may, in the exercise of a sound judicial discretion, after the evidence of the plaintiff is in, refuse to allow plaintiff's counsel to make an oral argument, and the judge may have a well-founded reason for not desiring to hear any oral pleadings, and unless it is shown that there has been an abuse of this discretionary power, this court must presume that it has been wisely exercised.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellant.

The respondent did not appear.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This is an action instituted by reason of a contract alleged to have been entered into with respect to certain services which the plaintiff declares he had rendered the defendant in connection with the purchase of a certain property situated in Puerta de Tierra, a ward of San Juan.

At the trial, which was held on August 5, 1909, both parties appeared and announced that they were ready. The briefs were read. The plaintiff introduced his evidence. Then, as is alleged, the court refused to allow the defendant to present any evidence, or to permit the plaintiff to argue the case, and forthwith rendered its decision. Taking into consideration the allegations and the evidence, the court declared that the plaintiff had not presented sufficient proof in support of his complaint; and that the law and the facts being in favor of the

defendant, the complaint was dismissed with costs taxed against the plaintiff. From this judgment the plaintiff took an appeal to this court, based on five errors, of which two appear to have been abandoned, thus leaving three to be considered by us, which we shall examine in their order.

The first proposition is that the court erred in admitting evidence with respect to the contract entered into between the defendant and a certain Mariano Pesquera, who was no party to the suit.

The objection made by the plaintiff to said evidence is that the fact that the defendant had contracted with another person was not opposed to his having contracted also with the plaintiff. The defendant answered that he, the defendant, had not contracted directly with the plaintiff for the services rendered by the latter, but had contracted directly with Pesquera, whom he had paid. The court decided that even were the plaintiff, speaking in general terms, right in sustaining that a subsequent contract entered into with a third party could not prejudice his rights yet the evidence should be admitted, because of the relation which, according to the answer, it seemed to establish between one thing and the other. The second paragraph of the defendant's answer, referred to by the court in admitting the evidence to which exception had been taken, reads as follows:

"He absolutely denies the second fact in so far as refers to his having solicited and utilized the services of the plaintiff for the purpose of securing a recordable title of the property owned by the defendant in Puerta de Tierra, as also in so far as refers to the agreement alleged in the statement of fact now answered. The defendant declares, on the contrary, that the only person with whom he contracted for the purpose of obtaining a recordable title to said property was Mariano Pesquera y Goenaga, according to private contract of September 12, 1906; that it was Pesquera who had utilized the services of the plaintiff, without any direct intervention on the part of the defendant; that as soon as Pesquera had performed the services to which he had obligated himself by the contract referred to he had received the compensation to which he was entitled, and the defendant

knows by information and belief that the plaintiff had received from Pesquera the sum the latter had agreed to pay him as remuneration for his services to said Pesquera.''

The appellant argues that to prove or refute the contract alleged by the plaintiff, which forms the basis of the suit, evidence of facts not bearing upon the contract entered into between the parties, can by no means be adduced, since the acts of Pesquera and Calvo could not bind Belber, unless it was shown that they were executed with his knowledge and consent.

Of course, the general principle is that impertinent evidence should not be admitted, nor allowed unnecessarily to increase the volume of the record.

But, upon the trial of a case, the court may admit and consider, not only the evidence directly proving or contradicting the allegations of the complaint, but also any other evidence which indirectly tends to that end. (*Findlay Brewing Co.* v. *Bauer,* 50 Ohio St., 560; 35 N. E., 55; *Ward* v. *Young,* 42 Ark., 542; *Sample v. Lipscomb,* 18 Ga., 687; *Shannon* v. *Kinny,* 8 Ky., 3; 10 Am. Dic., 705; *Trull* v. *True,* 33 Mo., 367; *Wells Co.* v. *Fairbank,* 5 Tex., 582.) If the allegation hereinbefore reproduced from the defendant's answer were wholly substantiated, it would constitute a complete defense against the complaint brought by the plaintiff; and if it had no bearing upon the case, then it should have been eliminated from the answer, on a motion of the plaintiff to that effect. Such a motion was not made, and when the evidence was presented the court, with good reason, deemed that the two facts, namely, that of employing both Belber and Pesquera to institute proceedings for the purpose of securing a declaration of ownership of the same property, were sufficiently related to each other to justify said court in hearing all the facts referring to said matter. We believe that in this decision the trial court has committed no error.

In the trial of cases before the judge alone, without a jury, as is the case with all our trials of civil matters, a wider latitude is allowed in the admission of evidence than would be permitted in California and other States where juries intervene in almost all civil cases. In many instances the judge is in better position to decide as to the pertinance of the evidence after having made a thorough investigation, than before, and in such cases strict rules should neither be invoked nor applied.

The second proposition is that the court erred in permitting the plaintiff to be questioned, while testifying as a witness, as to whether or not he had sworn the original complaint, because said complaint had been replaced by an amended one, as it did not contain sufficient facts to constitute a cause of action, for which reason it could not be made use of to prove any fact whatever. It has been correctly stated that points contained in an original allegation, which has been substituted by an amended one, are not admissible as evidence in the same action. This has been well established by the decisions of the Supreme Court of California. (*Ponce* v. *McElvy,* 51 Cal., 222; *Wheeler* v. *West,* 71 Cal., 126; *Stern* v. *Loewenthal,* 77 Cal., 340; *Mecham* v. *McKay,* 37 Cal., 165.) But the question was admissible, viewed from another standpoint. Such question might have been propounded as a basis for attacking the credibility of the witness. And it is probable, in view of all that appears from the record, that such was the purpose of counsel for the defendant. If the question was pertinent in some way, or from any point of view, then we cannot say that its admission was an error.

It appears, moreover, from the record, that the defendant introduced as evidence the original complaint, calling attention to the discrepancies existing between the same and the amended complaint, for the purpose of attacking the credibility of the plaintiff who was testifying in his own defense. This shows that such was the purpose of said defendant in propounding to the witness the question to which exception

was taken. It does not appear, from any of the allegations contained in the brief, that any exception was taken to the reading of the original complaint as evidence. If such reading was impertinent, exception thereto should have been taken and the error noted, and this point should not have been abandoned in the brief presented before this court for purposes of the present appeal. Even though two or more errors may have been committed with respect to this case, such errors do not appear to have been material, and if they were not, then they do not constitute a cause that would justify the reversal of the judgment. (*Auburn O. H. & P. Assn.* v. *Hill,* 113 Cal., 382; *Ward* v. *Ringo,* 2 Tex., 420; *Dangel* v. *Levy,* 1 Idaho, 737.) In cases tried by the court the exclusion of evidence may often be an error; but it seldom happens that the admission of impertinent evidence does constitute a prejudicial error, because the court has, up to the last moment, the power to disregard impertinent testimony and to render judgment only on the strength of the material facts that have been proven. This course is generally followed by judges as the most expedient in trials without jury. And nothing to the contrary appearing on the record, the presumption should prevail that this course has been followed, and that, therefore, no error has been committed which renders necessary the reversal of the judgment.

The last proposition presented for our consideration is that the court erred in not admitting the evidence offered by the defendant, and in delivering judgment immediately after taking the plaintiff's evidence without affording the latter an opportunity to be heard and to argue in his defense. This proposition, like some fixed stars, is double and we must separate it into its component parts in order to be able properly to examine it.

The refusal of the court to hear any evidence in favor of the defendant, if constituting an error, is not an error which

can in any way be taken advantage of by the plaintiff. The defendant might have taken exception to such a decision of the court; but the plaintiff cannot do this, for the quite sufficient reason that such proceeding could not in any manner prejudice his case, nor deprive him of any material right.

As to the refusal of the court to hear the oral pleading of counsel for the plaintiff, we should bear in mind that in the conduct of all trials had in courts of justice many questions of procedure should be left to the discretion of the trial judge; and one of the questions which have especially been left to judicial discretion is that referring to the oral pleadings of attorneys for litigants. The court may have had many well-founded reasons for not desiring to hear any more oral pleadings in the present case; and unless an abuse of judicial discretion is shown by the record, this Court of Appeals must presume that said discretion has been wisely exercised. Nothing appears from the record tending to show any abuse of discretion on the part of the trial court in suppressing, when it did, the oral pleading and deciding the case in the manner adopted therefor.

In our judgment, it clearly appears that justice has been done in this case; at least, the record does not reveal any fundamental error of which the plaintiff could complain. And this being so, we should affirm, in all its parts, the judgment which in the present case and under date of August 25, 1909, was rendered by Section 1 of the District Court of San Juan.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.