[Civ. No. 1399. Second Appellate District.—December 27, 1913.]

## FERROCHEM COMPANY OF PENNSYLVANIA (a Corporation), Appellant, v. MORRIS DANZIGER, Respondent.

CORPORATION—SUBSCRIPTION AGREEMENT FOR STOCK IN PROPOSED COMPANY—ACTION TO RECOVER UNPAID BALANCE THEREON.—Where one enters into a subscription agreement with respect to a proposed corporation, agreeing to pay his subscription on demand of the board of directors, and accepts the stock and pays part of the subscription price, having knowledge that the corporation is not formed by the same persons who signed the subscription agreement, and admitting that the corporation thus formed is the one contemplated by the agreement, the corporation may recover from him the unpaid balance due on his stock, without pleading the subscription agreement as the basis for the action.

ID.—IRREGULARITY IN ISSUANCE OF STOCK CERTIFICATE—WHETHER DEFENSE TO ACTION ON SUBSCRIPTION.—The defendant in such action is not excused from paying for his shares of stock, as required by the contract, because the certificate issued to him does not comply with the requirements of section 323 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. E. P. Unangst, Judge presiding.

The facts are stated in the opinion of the court.

H. C. Millsap, and F. E. Davis, for Appellant.

J. M. Danziger, and Walter E. Burke, for Respondent.

CONREY, P. J.—The complaint alleges that the defendant is indebted to the plaintiff in the sum of six hundred dollars, balance due upon an account for one thousand shares of the capital stock of plaintiff company, sold and delivered by plaintiff to defendant at defendant's special instance and re-request; that defendant agreed to pay for said property so delivered the sum of one thousand dollars, no part of which has been paid, save and except the sum of four hundred dollars. The answer and the cross-complaint of the defendant stated some affirmative matters which will be disregarded, as the defendant did not introduce any evidence at the trial of the case. The answer contains denials of all of the allegations of the complaint, except these: That defendant does not deny that the stock was delivered to defendant, nor that he agreed to pay therefor one thousand dollars, nor that he has paid four hundred dollars and no more.

The evidence introduced by plaintiff shows that the plaintiff was incorporated on August 12, 1911; that in July, 1911, the defendant and thirteen others entered into mutual subscription agreement with respect to the proposed corporation, and therein the defendant agreed to pay for his stock, on demand and on call of the board of directors, certain sums amounting to said sum of one thousand dollars; and agreed that his subscription, like that of the others, was made for the use and benefit of said company and might be enforced by said corporation. The corporation having been duly organized and said first forty per cent of the stock subscription having been paid, one thousand shares of the stock were delivered to and accepted by the defendant. Afterward, the corporation having called for the remaining sixty per cent, made demand on the defendant for the remaining six hundred dollars provided for in his agreement, and on his failure to make such payment brought this action to recover the amount alleged to be due.

Upon the facts thus shown, the court rendered judgment in favor of the defendant. The court found that the defendant did not become indebted to the plaintiff for any balance due upon an account for shares of stock of plaintiff corporation; that plaintiff did not sell and deliver to the defendant, at defendant's special instance and request at any time, one thousand shares of the capital stock of plaintiff; and that there

is not due, owing and unpaid from defendant to plaintiff the sum of six hundred dollars. In its bill of exceptions the plaintiff specifies that the evidence is insufficient to justify these findings. Respondent claims that the evidence showed an entirely different cause of action from that stated in the complaint, and that in order to recover under the subscription agreement it was necessary for the plaintiff to have pleaded the same as the basis of its action; also that plaintiff is not a corporation formed by the parties to said agreement. The case of *Marysville Electric Light etc. Co.* v. *Johnson,* 93 Cal. 538, [27 Am. St. Rep. 215, 29 Pac. 126], cited by respondent, does not sustain his position here. In that case it was held that the corporation was entitled to recover upon the subscription agreement made prior to the forming of the corporation, such agreement having been intended by the parties to inure to the benefit of the corporation when formed. "Upon the formation of the plaintiff corporation by the persons signing the agreement, and plaintiff's acceptance of the agreement, the defendant became bound to take and pay for the number of shares subscribed for by him." The respondent in this present case appears to rely upon the fact that the Marysville Electric Light & Power Company in the case above cited was incorporated by the same set of individuals who signed the subscription agreement, whereas in the present case the articles of incorporation show that the plaintiff was formed by one of the signers to the subscription agreement, together with four others who were not such signers. And his counsel contends that the decision above noted includes the proposition that to entitle the corporation to recover upon such subscription agreement, the corporation must be formed by the very persons who signed the agreement. This argument could be applied with some force if the defendant here had not admitted that the corporation thus formed was the corporation contemplated by his agreement, and if he had not accepted his stock with full knowledge of the facts. The evidence shows without contradiction that the defendant was present at the directors' meeting of the corporation at which the subscription agreement was accepted by the company, and therefore that with presumably complete knowledge of what there took place he received his certificate of stock and paid four hundred dol-

lars on account of the total sum agreed to be paid by him. In view of these facts, and the corporation having so issued the stock to defendant and having charged him on its books with the unpaid balance for which call was made, and which upon demand he refused to pay, we are of the opinion that these facts are sufficient to have created the indebtedness upon the contract substantially as stated in the complaint, and that the judgment should have been in favor of the plaintiff.

The fact is shown by the record, and discussed in the brief of respondent's counsel, that the stock certificate issued to the defendant does not comply with the requirements of section 323 of the Civil Code. This irregularity, in which the defendant and the plaintiff are equally at fault, applies merely to the certificate, and should not excuse the defendant from paying for his shares of stock as required by his contract.

The judgment is reversed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1914.