THE PERRY HOTEL COMPANY, a corporation, *Plaintiff in Error,* vs. JOHN W. COURTNEY, *Defendant in Error.*

136 So. 691.

Division B.

Opinion filed September 29, 1931.

W. B. *Davis*, of Perry, for Plaintiff in Error;

T. J. *Swanson*, of Perry, for Defendant in Error.

DAVIS, J.—This is a writ of error taken to a final judgment entered upon an order sustaining a demurrer to plaintiff's declaration seeking to recover a judgment on a stock subscription made to a proposed corporation intended to be organized for the purpose of erecting a new hotel at Perry, Florida. It is alleged that the corporation to which the subscription was made was later completely organized under the laws of Florida as "The Perry Hotel Company". The suit is grounded on the right of a corporation after it comes into existence to enforce payment of a subscription of moneys to its stock, which subscriptions

were made before the corporate existence came into being. 7 Ruling Case Law, Sec. 193.

The particular subscription sued on was in writing and signed by the defendant. Pertinent portions of it read as follows:

"STOCK SUBSCRIPTION AGREEMENT
NEW HOTEL IN PERRY, FLORIDA
Perry, Fla. Oct. 17, 1925

I HEREBY SUBSCRIBE FOR TWO shares of eight per cent (8%) non assessable, cumulative, Preferred stock of the Community Hotel Corporation of Perry, Florida, to be formed under the laws of Florida of the par value of One Hundred Dollars ($100.00) per share, to be used and expended in the securing of a site and the erection and furnishing of a hotel in Perry, Fla., etc."

The latter portions of the writing contained a specific promise to pay for said stock the sum of one hundred dollars a share, in certain installments, which were therein scheduled, the first one being an installment of ten per cent. Payable November 15, 1925.

The defense by way of demurrer to the declaration appears to be on two principal points (1) that the subscription is to "the" Community Hotel Corporation, *eo nomine,* and that the formation of a different corporation under the name of "Perry Hotel Company" is not in accordance with the subscription as made; (2) that the charter of the "Perry Hotel Company", as is common with charters in Florida, authorized that company not only to engage in the hotel business, which was the principal one, but also a host of others such as buying and selling land and timber, manufacturing lumber, engaging in the turpentine business, operation tram railways and tram roads, advancing and lending money, etc. It is also contended that there is a lack of capacity in the plaintiff named in the declaration, to maintain the particular suit, as a party having enforceable legal rights under the terms of the subscription sued on.

It is generally recognized that a corporation may maintain an action for subscriptions made to its stock before it was formed, though it is not named as a promisee in the agreement to subscribe. Marysville Electric Light & Power Co. vs. Johnson, 93 Cal. 538, 29 Pac. 126, 27 A. S. R. 215. It follows, therefore, that if the plaintiff, Perry Hotel Company, is the corporation to whose stock the defendant subscribed, that that company can maintain this suit to enforce the subscription.

As to the other propositions, the declaration alleges, and these allegations are admitted by the demurrer to be true, that after the subscription was signed, but before the articles of incorporation pursuant thereto were adopted by the incorporators, that a meeting was called of "all" the subscribers to be held in the court house at Perry; that said meeting was duly held and that articles of incorporation for the Perry Hotel Company as the intended corporation were discussed and agreed to; that the resulting Perry Hotel Company was the corporation for whose stock all the subscriptions had been made and was the corporation for which the subscription was intended and by which the subscription was accepted; that by reason of the organization of the said Perry Hotel Company that the amount of defendant's subscription became due and that accordingly a demand on him for payment of the same was made by the completed corporation; that the defendant failed and refused to pay the entire subscription but that he did pay to the plaintiff the sum of twenty dollars (which was the first agreed installment) on the same.

As will be seen by a reference to the written subscription itself, the first language in it is "Stock Subscription Agreement, *New Hotel in Perry, Florida.*" Later the proposed corporation is described in the body of the paper as "Community Hotel Corporation of Perry, Florida." While the rule is recognized in this state to the effect that

"Where in the *body* of the subscription, there is a

stipulation for a particular enterprise, as for the building of a road to a particular place, or for its location upon a specified route, such *stipulation* forms a condition precedent, and unless strictly complied with by the corporation, the party subscribing will be absolved from his obligation to pay" Martin vs. Pen. & Georgia R. R. Co., 8 Fla. 370

there is nothing which we can hold to be of the nature of a "stipulation" in the stock subscription agreement sued on in this case to the effect that the proposed corporation for a "new hotel in Perry, Florida" was to be named and denominated as the "Community Hotel Corporation" and nothing else. Construing the subscription agreement as a whole, it is more reasonable to construe the phrase "Community Hotel Corporation" as *descriptio rei* only, the final corporate named to be such as might be later agreed on or accepted by the Secretary of State as available for the purpose. This is more than likely what was intended when we consider the fact that no particular corporate name can be used for a proposed corporation except such as may not have already been appropriated and approved for some other corporation, which may be acting under it when particular articles of incorporation containing an identical corporate name are filed, thereby compelling the adoption of some other corporate title in order to complete the corporate organization.

In Ruling Case Law, par. 235, page 258, Volume 7, it is said:

"Subscribers in many cases have been astute to discover grounds upon which to defeat their contracts, and numerous and ingenious are the defenses that have been interposed in actions on subscriptions. *The tendency of the Courts very properly has been to discourage these efforts of subscribers to repudiate their acts.* (Italics ours).

The declaration in this case alleges not only that the Perry Hotel Company was the corporation intended to be organized in accordance with the defendant's stock subscription for the purpose of erecting "a community hotel"

at Perry, Florida, but that such corporation was actually organized; that the hotel was in fact erected and is being operated by it; that before the corporate name was adopted that a meeting of "all" the subscribers was called, held and ratified the articles of incorporation:—and that after the articles were filed and the Perry Hotel Company came into corporate existence, that the defendant paid to that company the first installment of twenty dollars on his stock subscription.

These facts are admitted by the demurrer to the declaration to be true as alleged, and being true, it follows that the declaration sufficiently shows a ratification of his subscription by defendant as being intended for stock in a Florida corporation organized for the purpose of erecting a community hotel, which corporation has been organized under the name of Perry Hotel Company, thereby authorizing such company to sue for and collect the subscriptions made for the purpose of its creation. It is error to sustain a demurrer to a declaration which does not wholly fail to state a cause of action. McDonald vs. Exchange Supply Co., 88 Fla. 80, 101 So. 28 and cases cited.

Whether the charter obtained differs so radically from the charter contemplated to be obtained in accordance with the subscription, as to warrant a rescission of the subscription and a discharge of the defendant from his obligation to pay for his stock, and whether such rescission has ever taken place, are matters of defense to be asserted by plea to the declaration. The rule in such cases is stated in Martin vs. Pensacola & Georgia Railroad Company, supra, where this Court held that where there has been such a radical alteration of the original charter as to constitute this a good defense, the defendant must show affirmatively that he *dissented* from such alteration a reasonable time before any debts have been incurred or rights of third parties have accrued.

We perceive no justifiable distinction which can be made

between the right of a subscriber to stock in a going corporation to rescind his subscription because of radical change in the character of the corporate business as engaged in and the right of a subscriber to stock in a corporation before it is formed to rescind his subscription because of a radical change in the corporate business contemplated, at least, in the absence of some express or implied stipulation in the subscription agreement to the contrary.

It was error to sustain the demurrer to plaintiff's declaration and the judgment is accordingly reversed and the cause remanded with directions to over-rule the demurrer and have such further proceedings as may be according to law. It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.