[No. 5423.]

# MONTEREY AND SALINAS VALLEY R. R. CO. v. THOMAS HILDRETH.

CORPORATION—PRELIMINARY SUBSCRIPTION.—The signing of an agreement to take stock in a railroad corporation before the incorporation thereof, does not constitute the subscriber a stockholder in the sense to make him liable for assessments subsequently levied.

THE ARTICLES OF INCORPORATION of a railroad corporation must fully set forth the amounts subscribed, and by whom. The liability of stockholders at the date of the filing is limited to those named in the articles, and to the amounts therein mentioned.

APPEAL from the District Court of the Twentieth Judicial District, Santa Clara County.

Action to recover delinquent stock assessments.

The plaintiff was incorporated February 27th, 1874, with a capital stock of three hundred thousand dollars, divided into three thousand shares of one hundred dollars each. Its purpose was to construct a railroad twenty-four miles in length, between Monterey City and Salinas City, in Monterey County. The articles of incorporation represent:

" Article II. The names of the persons who have subscribed the said stock, and hold shares in said corporation, and the number of shares held by each of them respectively, and the value of the same, are as follows:

| NAMES | NO. OF SHARES. | VALUE. |
|---|---|---|
| A. L. Boggs | Forty | $4,000 00 |
| C. S. Abbott | Forty | 4,000 00 |
| David Jacks | Forty | 4,000 00 |
| Thomas Hildreth | Forty | 4,000 00 |
| Robert McKee | Twenty | 2,000 00 |
| A. Gonzales | Twenty | 2,000 00 |
| Wm. Robson | Fifty | 5,000 00" |

And the parties named are represented as subscribing for the number of shares named respectively.

The day before the incorporation of the Company, the defendant, with many other persons, signed the following agreement, setting opposite his name twenty-five thousand dollars as the amount of stock he would take:

" Whereas, it is proposed to construct a railroad from a point at or near the City of Monterey, County of Monterey, and State of California, to a point at or near Salinas City, in the Salinas Valley, county and State aforesaid:

" We, the undersigned, for the purpose of incorporating a company to construct and operate such railroad, in consideration of the premises and other good and valuable considerations, do mutually promise and agree, to and with each other, that we will invest in the capital stock of a company to be incorporated by us for the purposes above mentioned the several amounts of money set opposite our respective names, in gold coin of the United States."

After the formation of the corporation, and during the months of April, May, June, July and September, 1874, assessments were levied upon the defendant as the holder of two hundred and fifty shares of stock: he refused payment, and this action was brought for the amount, aggregating twenty-five thousand dollars. The answer was a general denial. Judgment having been rendered for the defendant, the plaintiff appealed.

*Wm. Matthews*, for Appellant, cited Angell & Ames on Corporations, 517 ; *Chater* v. *San Francisco Sugar Refining Co.* 19 Cal. 219 ; *S. V. W. W. Co.* v. *San Francisco*, 22 Cal. 440 ; *People* v. *S. & V. R. R. Co.* 45 Cal. 306 ; *Forbes* v. *San Rafael Turnpike Co.* 50 Cal. 340 ; *Christian College* v. *Hendley*, 49 Cal. 350 ; *Cayuga Lake R. R. Co.* v. *Kyle*, 64 N. Y. 186 ; *Phœnix Warehousing Co.* v. *Badger*, 3 N. Y. Weekly Digest, 555 ; *Caley* v. *Philadelphia & Chester County R. R. Co.* 80 Penn. St. 367 ; *Edinboro Academy* v. *Robinson*, 37 Penn. St. 210 ; *Vawter* v. *Franklin College*, 53 Ind. 89 ; *Corwith* v. *Culver*, 69 Ill. 504 ; *Kansas City Hotel Co.* v. *Harris*, 51 Mo. 465.

*D. M. Delmas*, for Respondent.

The corporation is estopped from asserting that the defendant was a subscriber for more than forty shares of stock, the amount subscribed by him to the articles of incorporation.

The corporation owes its existence to the articles of incorporation. They are its creator and law. It comes into being endowed with all the rights which they confer, and subject to all the limitations and imperfections which they impose. It is imperatively required by law that the articles shall state the amount of the capital stock actually subscribed and by whom, (Civil Code, sec. 290, subd. 7) and in case of a railroad corporation, that at least ten per cent. of the capital stock subscribed has been paid in to the treasurer. (Ibid, sec. 291.) The learned counsel for appellant affirms that sec. 293 of the Civil Code contemplates a preliminary subscription in advance of the articles. Let us, for the sake of argument, assume that these propositions are correct. It behooves the corporation, then, when it draws up its articles, to give a list of the persons who have so, in advance, subscribed, and the amounts by them taken. This, assuming the correctness of counsel's argument, is rendered imperative by sec. 290, Civil Code. Suppose, however, that in drawing up its articles the corporation leaves out the name of one of the signers to the preliminary subscription, what are the consequences? Can the corporation thereafter claim that he is the owner of stock—a member of the corporation? I answer no, and for two principal reasons:

First—All the authorities which recognize the validity of preliminary subscriptions do so upon the theory that they are continuing propositions which it is optional with the corporation to accept or reject; which become binding when accepted, but which are of no value when rejected. Say the Supreme Court of Massachusetts: "When thus accepted, the promise may be considered to have legal effect according to its purpose and intent, and the practical necessity of the case, to wit, as a contract with the common representative of the several associates. * * * Although his promise was originally voluntary, or in the nature of a mere open proposition, yet, having been accepted and acted on by the parties authorized so to do before he attempted to retract it, he has lost the right to revoke." (*Athol Music Hall Co.* v. *Carey*, 116 Mass. 471.) "We might suggest," say the Supreme Court of Michigan, "a great many possible reasons for the failure, [to insert the

name of a preliminary subscriber in the articles] some of which unquestionably would discharge him from all moral as well as legal obligation on his subscription. We might suppose, for instance, that the other subscribers considered him an undesirable associate, and, for that reason, refused to allow him to take part in organizing." (*Peninsular R. W. Co.* v. *Duncan*, 28 Mich. 138.)

Another reason may be suggested why the corporation may, even where there is a preliminary subscription, reject, upon organizing, the names of some subscribers. Suppose stock far in excess of the whole capital has been subscribed. Some must be dropped when the articles are executed. "It may very well happen that the amount subscribed for one of these roads will greatly exceed the amount required or which can be used in constructing the road. No method is pointed out by the statute for distributing the stock, and yet, in such a case, the project would fail unless some method could be fallen upon to designate those who should be stockholders and the number of shares which each should have. Suppose this should be accomplished by lot, or by mutual agreement—no one would contend that those who were left out would be obliged to pay their primary subscription, or that those who were taken in for a less amount than that which they had subscribed would be obliged to pay for the shares they could not have." (*The Poughkeepsie* v. *Griffin*, 24 N. Y. 150, 154.)

The corporation, then, may reject any preliminary subscription, even when such subscription is by law authorized.

My position is that, when, in the articles of incorporation, which are by law expressly required to state the names of all the persons who have subscribed, the corporation elects to omit the name of any subscriber, it is an affirmative rejection of his proposition to take stock, expressed in his preliminary subscription; and if, in the articles, the corporation sets down a subscriber for a less amount than that by him subscribed to the preliminary subscription, it is a rejection *pro tanto.*

Secondly—Independent of this, the corporation must be estopped by its articles. In the articles, which are required to state the amount of stock actually subscribed, this corporation

certifies that " the amount of capital stock of said corporation now actually subscribed is twenty-five thousand dollars." Can the corporation falsify this solemn declaration? Can it claim that for all purposes of getting corporate existence, there was only twenty-five thousand dollars, but, for the purpose of putting money in its treasury, there was much more than that? This would be a fraud upon the people, which if permitted would lead to a palpable evasion of the law. The Code requires that each railroad corporation, before filing articles of incorporation, must have actually subscribed to its capital, for each mile of the contemplated work, one thousand dollars, (Civil Code, sec. 293) and, before filing the articles, there must be paid for the benefit of the corporation to a treasurer, ten per cent. of the amount subscribed. (Ibid. sec. 294.)

The learned counsel for appellant says this "plainly contemplates a subscription in advance of the articles," and that the paper now sued on is such a subscription. Assume, for the purpose of the argument, that all this is so. What follows? The amount of the preliminary subscription is two hundred and thirty-six thousand dollars. Ten per cent. of this is twenty-three thousand six hundred dollars. It was incumbent on this body, before it could incorporate, to have paid this twenty-three thousand six hundred dollars. It had only paid two thousand five hundred dollars. Having become incorporated upon the representation that two thousand five hundred dollars was ten per cent. of its subscribed capital stock, can it now assert that it had a subscribed capital stock nearly ten times greater than that certified in its articles? If it gets incorporated upon the representation that its subscriptions amount to only twenty-five thousand dollars, is it not forever thereafter bound by that representation?

Again: After giving the amount of its subscriptions as twenty-five thousand dollars, the articles go on to say: " The names of the persons who have subscribed the said stock, and hold shares in said corporation, and the number of shares held by each of them respectively and the value of the same are as follows." Then follows the defendant's name for forty shares, valued at four thousand dollars. This is in compliance

with the law which requires that the articles shall state "the amount actually subscribed and by whom."

Is not the corporation bound by these statements? Can it now say that other persons, not named, had subscribed? or that the amount designated is not the amount actually subscribed? or that the parties named had, in reality, subscribed for a greater amount than that ascribed to them in the articles? The articles are the charter of the corporation. Its terms are as inviolable as if embodied in a special legislative act. Had a special charter been granted in the terms of these articles, could the corporation falsify its terms? Could it impeach the very act which gave it birth?

I conclude that, view the matter as you please, the result is the same. If the defendant did, by the preliminary paper, propose to invest twenty-five thousand dollars in the company, that proposition was modified upon the organization. He was allowed, with the consent of the corporators, to change the amount to four thousand dollars. Indeed, as will be apparent upon comparison, all the corporators did the same. Having accepted the modification, the corporation cannot now go behind its action. But, whether it accepted it or not, having come into existence under a charter which states that the defendant owned only forty shares, the corporation cannot now claim that he owned two hundred and fifty.

By the Court, McKinstry, J. :

The rights of the parties to this action must be determined by reference to certain provisions of the Civil Code, as the same read when the corporation, plaintiff, was formed.

Sec. 293 of that Code provided: "Each intended corporation named in sec. 191, before filing *articles of incorporation*, must have actually subscribed to its capital stock, for each mile of the contemplated work, the following amounts, to wit:

"1. One thousand dollars for each mile of railroads."

Sec. 290 of the same Code requires that the "articles of incorporation" shall set forth, amongst other matter, "if there is a capital stock, *the amount actually subscribed, and by whom.*"

The Code prescribes no particular form for the subscription paper from which it may appear that one thousand dollars a mile was subscribed toward the " intended " railroad.

But it is plain that the amounts subscribed, and by whom, must be fully set forth in the articles of incorporation. Those who sign and file the articles, and thus bring the corporation into existence, act for the real subscribers. If the statement contained in the articles, as to the amount subscribed, and by whom, is incorrect, one of two results must follow—either the attempt to give existence to the corporation is abortive, or the corporation which comes into life is estopped from claiming that any other person than those named as subscribers, became a member, when the articles were filed, or that any person therein named was a subscriber for a larger sum than that mentioned in the articles. In either event, this action cannot be maintained.

Whether one not named as subscriber in the articles of incorporation, but who had in fact previously subscribed, could have the articles declared null, or, on the other hand, claim the right to be admitted as an associate member, is not an immediate question. The requirement of the Code is absolute and peremptory. The articles must set forth the amount subscribed and by whom. The instrument from which the corporation derives its being must be held to limit the power of the corporation, so that it can bind as stockholders as of the date of its filing only those named in the articles and to the amounts therein mentioned.

Judgment affirmed.