[No. 7,252.—Department One.]
October 27, 1882.

## THE WESTERN DEVELOPMENT COMPANY *v.* J. S. EMERY.

PARTY IN INTEREST—ACTION—CONTRACT—SUBSCRIPTION.—Where a subscription paper duly executed by the defendant E. and others, recited among other things, that: "Whereas the undersigned desire to procure the construction and operation of a steam railroad from the Oakland wharf of the C. P. R. R. Co. to the State University at Berkeley; and the Western Development Co. proposes to construct and operate or cause to be operated, a steam railroad on said line, provided the undersigned will, at their own expense, procure and convey to it the right of way etc., and provided further that the undersigned will pay or cause to be paid to said Company the sum of twenty thousand dollars upon the completion of the road—the road to be commenced upon the execution of the conveyances and the deposit of said twenty thousand dollars in bank; the money to be paid by the bank to the company upon the completion of the road;" and which subscription paper contained the following clause: "Now, therefore, in consideration of the premises we, the undersigned, hereby agree to contribute and pay, for carrying out the foregoing enterprise, on demand the sum of money set opposite our names, in United States gold coin."

*Held:* That the contract was made for the benefit of the Western Development Company, and that as the money when recovered will belong to it, the company is the real party in interest. The action was properly brought in the name of the Western Development Company.

APPEAL by defendant from a judgment in the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. HUNT, J.

Action upon contract in writing. The following is a statement of the facts in this case: On or about the first day of April, 1876, the plaintiff being a railroad corporation duly organized, and as such, authorized to build and operate railroads in this State, proposed and offered to the property owners along a contemplated line, viz: from the Oakland Wharf (of the Central Pacific Railroad Co.), to the State University at Berkeley, or as near thereto as practicable, to build and operate a railroad on said line, provided they (the property owners) should procure at their own expense the right of way, and pay plaintiff in addition thereto the sum of twenty thousand dollars; thereupon a number of the property owners (the defendant included) constituted themselves into a committee for the purpose of soliciting and receiving subscriptions in that behalf, at the instance, and under the authority of the plaintiff. A contract of subscription was prepared by the plaintiff, and delivered to one J. L. Barker, a member of said committee, as agent for the plaintiff, to secure subscriptions thereto.

The contract is as follows:

" Subscriptions for a Steam Railroad connecting San Francisco and Berkeley, via Oakland:

" Whereas, the undersigned desire to procure the construction and operation of a steam railroad from the Oakland wharf of the Central Pacific Railroad Company to the State University at Berkeley, or as near thereto as practicable, on the line recently surveyed by S. S. Montague, Chief Engineer of said Company; and whereas, the Western Development Company propose to construct and operate, or cause to be operated, a steam railroad on said line, provided the undersigned will at their own expense procure and convey to it a right of way of the width of one hundred feet, and land sufficient for a suitable and convenient terminus at Berkeley;

also twenty acres of land in addition to said right of way and terminal grounds; and provided further, that the undersigned will pay, or cause to be paid, to said company the sum of twenty thousand dollars, in gold coin, upon the completion of said road, said road to be commenced upon the delivery to said company of the title papers to said right of way, terminal grounds, twenty acres of land, and the deposit of said twenty thousand dollars in the Union National Gold Bank of Oakland, to be paid by said bank to said company upon the completion of said road, which is to be constructed with all reasonable dispatch.

"Now, therefore, in consideration of the premises, we, the undersigned, hereby agree to contribute and pay for carrying out the foregoing enterprise, on demand, the sums of money set opposite our names, in United States gold coin: J. S. Emery, one thousand dollars;" and other persons whose names are here omitted.

The plaintiff built the road, but the defendant refused to pay his subscription.

The Court below gave judgment for the plaintiff. Defendant, after moving for a new trial, appealed from both the judgment and order denying a new trial.

*A. C. Adams*, for Appellant.

Emery's promise and undertaking was, to pay the one thousand dollars to the subscription committee; and as the paper was never assigned to respondent, no action can be maintained by the respondent upon it. Upon the face of the paper, alone, it is just as clear, and just as certain, that the promise runs to the committee, as it is that there was a promise made. The object of the persons associating themselves together as a committee, was, to raise the money, and deposit it in the bank, so that, upon the completion of the road, the bank might pay it over to the Western Development Company. It was to be deposited before the work should be commenced; but the Company was not to have it, until the road was built—and yet, it was payable "on demand." To whom? Not the Company, certainly. It was not to be paid to the Company, until the road was constructed—and then by the bank. But, notwithstanding this, Emery promised to pay

his one thousand dollars (as did all the others) on demand. Who could demand it ?—for, whoever could do this, is clearly the promisee.

The subscription committee being the promisees in the paper executed by the appellant, they, and they alone, are entitled to maintain a suit upon it.     (*Gittings* v. *Mayhew,* 6 Md. 113; *Lathrop* v. *Knapp,* 27 Wis. 214; *Pryor et al.* v. *Cain,* 25 Ill. 292.)

If it be claimed that the committee were the trustees of the Western Development Company, then, too, the committee (and not the *cestui que trust,* the respondent) is the proper party plaintiff.   In *Porter* v. *Raymond,* 53 N. H. 519, the Courts say:   *   *   *   "When a promise is made to one sustaining the character of trustee, he, and not the *cestui que trust,* or person ultimately interested, is the proper person to bring an action upon it."   In that case the Court cite *Foster* v. *Sykes,* 23 Ala. 796; *Treat* v. *Stanton,* 14 Conn. 445; *Barnes* v. *Ins. Co.,* 45 N. H. 21, 28, and cases; *Doe* v. *Thompson,* 22 id. 217; *Goodall* v. *Ins. Co.,* 25 id. 169; *Cobb* v. *Ins. Co.,* 6 Gray, 192.

*McClure, Dwinelle & Plaisance,* for Respondent.

The contract of subscription in evidence, though unilateral in form, is a valid and mutually binding agreement between the plaintiff and the defendant.   (*Justice* v. *Lang,* 42 N. Y. 493; S. C., 52 id. 323; S. C., 63 id. 633; *Mason* v. *Decker,* 42 N. Y. Superior Ct. 115; S. C., 72 N. Y. 595; *Moss* v. *Wilson,* 40 Cal. 159.)

The COURT:

The contract sued on in this case was made for the benefit of the plaintiff, and plaintiff is the real party in interest, as the money, when recovered, will belong to the Company.   It follows that the action was properly brought in the name of The Western Development Company.   (C. C. P., § 367; *Summers* v. *Farish,* 10 Cal. 347; *Wiggins* v. *McDonald,* 18 id. 126.)

Judgment and order affirmed.