[L. A. No. 2490. In Bank.—March 28, 1910.]

HORSESHOE PIER AMUSEMENT COMPANY (a Corporation), Respondent, v. LUELLA SIBLEY, and GEORGE SIBLEY, her Husband, Appellants.

CORPORATIONS—SUBSCRIPTION TO ENTERPRISE AND STOCK OF PROPOSED CORPORATION—ACTION TO ENFORCE CALLS NOT BASED UPON ASSESSMENT OF STOCK.—Where a subscription of fifteen hundred dollars was made to be used in the construction and fitting out of the pier, amusement buildings, and structures to be carried on by a proposed corporation, and to be paid to a bank as trustee, or to its assigns, in installments after forty thousand dollars had been subscribed for that purpose, with the express provision that the fifteen hundred dollars subscribed was to be a subscription to the stock of the corporation to be formed, an action by the corporation so formed to enforce such subscription by calls is based upon the written contract, and not upon assessments upon owned stock in the corporation.

ID.—PART PAYMENT OF SUBSCRIPTION TO CORPORATION—ACTION TO ENFORCE RESIDUE—TENDER OF STOCK—CORPORATION NOT ESTOPPED.—Where the subscriber voluntarily paid eight hundred dollars of his subscription of fifteen hundred dollars toward the enterprise and stock of the corporation, and it tendered the stock in pursuance of the subscription, in an action to enforce the residue, the corporation is not estopped to enforce the residue of the subscription, on the ground that it did not include the defendant as a stockholder in its original articles of incorporation. The subscriber is rather estopped by her voluntary payments upon her subscription to the stock from asserting that she was not a subscriber thereto.

ID.—REVERSAL OF ACTION.—If the action were reversed, and the defendant were suing for the delivery of the stock, the corporation which had accepted payments from her under her contract, could not successfully defend upon the ground that her name did not appear upon the lists of subscribers to the capital stock.

ID.—MUTUAL OBLIGATION.—Such payments and their acceptance evidence a mutual obligation binding upon both parties.

ID.—TERMS OF SUBSCRIPTION NOT DEPENDENT ON INCORPORATION—VALID CONTRACT TO PAY.—The terms of subscription created a valid contract to pay the same, which did not depend on the creation of the corporation, but was enforceable as made, after the forty thousand dollars had been subscribed for the same purpose, as agreed. While the subscriber was entitled to the stock tendered, her ownership of stock in the proposed corporation is wholly foreign to plaintiff's right to recover on the express contract to pay the subscription made for its benefit, which rests upon the promise to pay, and not upon any obligation as a stockholder.

ID.—AGREEMENT MADE IN SUBSCRIPTION TO STOCK.—A subscriber to the stock of a corporation may expressly agree to pay the amount of his subscription either immediately or in stated payments, and thus relieve the corporation of the duty of making calls. He will be liable to pay upon such contract according to its terms.

ID.—SUBSCRIPTION PAYABLE TO TRUSTEE OR ASSIGNS—SOLE BENEFIT OF PLAINTIFF—ASSIGNMENT NOT REQUIRED.—Though the subscription was expressly payable to a bank, as trustee, or its assigns, and the bank might have sued thereon as the trustee of an express trust; yet where the court finds upon sufficient evidence, that it was made for the sole benefit of the corporation plaintiff, it may sue thereon, without any assignment from the bank.

ID.—ABSENCE OF NAME OF BENEFICIARY—LEGAL EFFECT OF SUBSCRIPTION—REAL PARTY IN INTEREST—RIGHT UNAFFECTED BY TRUST.— The fact that plaintiff was not named in the trust agreement as beneficiary is immaterial, since it clearly appears that the subscription was made for its benefit in contemplation of its incorporation. In legal effect, the promise of defendant was to pay to plaintiff corporation, when organized. Plaintiff had the right to maintain the action as the real party in interest, and its right in this respect is unaffected by the right of the bank also to sue as the trustee of an express trust under section 369 of the Code of Civil Procedure.

ID.—CONTRACT OF DEFENDANT TO PAY EQUAL INSTALLMENTS OF HALF— VOLUNTARY PAYMENT OF GREATER SUM—LIABILITY FOR RESIDUE.— Though defendant's subscription of fifteen hundred dollars was to be paid in two equal installments, yet where defendant voluntarily paid eight hundred dollars, she is in no position, in an action for the residue of seven hundred dollars to insist on being released on the ground that it is less than one half of the whole sum.

ID.—RESERVATION OF MOTION FOR NONSUIT — DISCRETION — PROPER ACTION.—It was not an abuse of discretion to reserve a motion for a nonsuit, which, when passed upon, was properly denied.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellants.

Anderson & Anderson, and Force Parker, for Respondents.

MELVIN, J.—The judgment and order of the lower court in this case was affirmed by the district court of appeal and this court granted a rehearing in order that we might further consider the effect upon the contract, which was the basis of

the action, and upon the rights arising therefrom, of the organization of the plaintiff corporation without including the name of Luella Sibley in the list of subscribers. A further study of the matter has convinced us that while, under certain circumstances, such action might operate as an estoppel against the corporation, preventing it from pursuing its claim that the defendant was a stockholder, this is not a case for the application of the doctrine of estoppel announced in *Monterey & Salinas Valley R. R. Co.* v. *Hildreth*, 53 Cal. 123. In addition to that which is written upon this subject in the opinion of the district court of appeal, it might be added that Mrs. Sibley, who made certain payments under the contract to the corporation long after its organization, is herself perhaps estopped from asserting that she was not a subscriber to the capital stock. If the action were reversed and she were suing for the delivery of stock, the corporation which had accepted payments from her under her contract could not successfully defend upon the ground that her name did not appear upon the list of subscribers to the capital stock. Such payments and their acceptance evidence a mutual obligation binding upon both parties. Perhaps this phase of the matter could not be considered under the present form of the pleading, but if a new trial were ordered, doubtless the court would permit such proper amendments as would justify a ruling upon the result of her voluntary payments to a corporation from which she had demanded no stock. We are satisfied, however, with the opinion of the district court of appeal, which we hereby adopt.

"Defendants appeal from a judgment and an order of court denying their motion for a new trial. George Sibley is made a party defendant by reason of the fact that he is the husband of Luella Sibley, also known as Mrs. George Sibley.

"The action is founded upon a certain agreement alleged to have been signed by defendant, as follows:—

" 'I hereby subscribe $1500 to be used in the construction and fitting out of a Pleasure Pier running from or near the foot of Pier Avenue to or near the foot of Marine Street, in the cities of Ocean Park and Santa Monica, California, and amusement buildings and structures connected therewith; and I hereby agree to pay to the Ocean Park Bank, trustee, or its assigns, upon demand, in two payments of 50% each,

at any time after the sum of $40,000 (including my subscriptions) has been subscribed for said purpose, the second payment, however, not to be called for until at least 60 days after demand made for the first.

" 'It is expressly understood that this is a subscription for stock in a corporation to be hereafter formed to build, maintain, and operate said pier, buildings and structures; and that I am to receive stock in said corporation when formed in the proportion that my said subscription bears to the total capitalization of such corporation.

" 'MRS. GEO. SIBLEY.'

"The court found that defendant, Mrs. George Sibley, executed and delivered this agreement to the Ocean Park Bank, as trustee, for the use and benefit of plaintiff, which was thereafter incorporated and created pursuant to and in consideration of said agreement and a number of similar agreements theretofore executed and likewise delivered, and that plaintiff is the corporation referred to in said agreement as the corporation to be thereafter formed to build, maintain, and operate the pleasure pier and structures contemplated in said agreement; that in accordance with the terms of said agreement plaintiff did construct and fit out said pleasure pier and is now the owner and in the actual possession, control and operation thereof; that more than $40,000 had been subscribed for the purpose contemplated in said agreement; that calls were made for the amount of said subscription as follows: In November, 1905, 20 per cent; February, 1906, 30 per cent; May, 1906, 25 per cent; June, 1906, 25 per cent; that defendant paid $800 on account of the subscription made in said agreement, and, although demand therefor was made, refused to pay the remainder thereof, amounting to $700; that at the time of making the demand for said $700, the balance of defendant's subscription, plaintiff tendered to her the amount of capital stock in said corporation which her subscription bore to the total capitalization thereof; that no representations other than contained in said agreement were made to said defendant for the purpose of inducing her to sign the same.

"At the trial it was stipulated that the name of defendant Sibley did not appear in the articles of incorporation of said company as one of the stockholders thereof, nor in any of the papers or proceedings relating to the organization of the com-

pany, or subsequent increase of the capital stock thereof. Notwithstanding this fact, the court found that by virtue of said agreement defendant Sibley was a subscriber to the capital stock of the corporation.

"Appellant's chief contention is that this finding is not supported by the evidence, and that by reason of such stipulation plaintiff is estopped from claiming defendant to be a subscriber to the capital stock, for the reason that her name did not appear as a stockholder in the articles of incorporation. In support of such claim appellant cites the case of *Monterey & S. V. R. R. Co.* v. *Hildreth,* 53 Cal. 123. In that case the action was by a corporation to recover assessments levied upon stock alleged to have been owned by the party sued. The only point involved therein was the defendant's obligation to pay the assessments levied upon the stock the ownership of which he disclaimed. In the case at bar, however, the obligation of defendant Sibley is not founded upon her ownership of stock in plaintiff corporation, nor upon any assessment levied thereon in accordance with the provisions of section 332 of the Civil Code, but such obligation rests solely and alone upon the written agreement and promise to pay the sum subscribed to be used in the construction of the pleasure pier and amusement buildings and structures connected therewith. Clearly, the contract is a valid one. Under the terms thereof, the payment of the amount subscribed did not depend upon the creation of the corporation, but she agreed to pay the same to the trustee named at any time after $40,000 had been subscribed for such purpose, upon demand therefor, in installments of 50 per cent each, the second installment being payable not less than sixty days after the first payment. While she was entitled to the stock, delivery of which was tendered her, the question of her membership therein is wholly foreign to the controversy, plaintiff's right to recover, as we have seen, resting upon an express promise to pay, not upon an obligation due to the relation of stockholder. (*West* v. *Crawford,* 80 Cal. 19, [21 Pac. 1123] ; *San Joaquin L. & W. Co.* v. *Beecher,* 101 Cal. 70, [35 Pac. 349].) 'A stockholder may expressly agree to pay the amount of his subscription immediately, or at stated times, and thus relieve the corporation of the duty of making calls. He will be liable to pay upon such contract according to its terms.' (*Kohler* v. *Agassiz,*

99 Cal. 9, [33 Pac. 741]; *California Southern Hotel Co.* v. *Callender,* 94 Cal. 120, [28 Am. St. Rep. 99, 29 Pac. 859].)

"Appellant also insists that in the absence of an assignment of the agreement by the trustee to whom the subscription was made payable, plaintiff cannot maintain suit to enforce payment. In view of the findings heretofore referred to, and the further finding that said agreement 'was made solely for the benefit of plaintiff,' no formal assignment was necessary. That plaintiff was not named in the agreement is immaterial, for, notwithstanding such fact, it clearly appears that the subscription was made for its benefit and in contemplation of its creation. 'In legal effect, the promise of defendant was to pay to the plaintiff corporation when organized.' (*Marysville etc. Co.* v. *Johnson,* 93 Cal. 538, [27 Am. St. Rep. 215, 29 Pac. 126].) Plaintiff was the real party in interest, and therefore could maintain the action. (Code Civ. Proc., sec. 367; *Western Development Co.* v. *Emery,* 61 Cal. 611.) Its right in this respect is unaffected by the fact that the Ocean Park Bank, as trustee of an express trust, might also, by virtue of the provisions of section 369 of the Code of Civil Procedure, have maintained a like suit.

"There is no merit in the contention that the calls or demands as made were for a less sum than 50 per cent of the amount subscribed. Defendant could not be prejudiced by such fact. Moreover, she, having voluntarily paid all of her subscription except a balance of $700, is in no position to insist that she be released from her obligation upon the ground that such balance is less than 50 per cent of the whole sum subscribed.

"A number of objections are urged to the rulings of the court in admitting testimony, but they are largely based upon appellant's theory that the contract was non-enforceable by reason of the fact that defendant's name was omitted from the articles of incorporation, and are fully answered in discussing that point.

"There was no abuse of discretion on the part of the court in reserving its decision upon defendant's motion for a nonsuit. It was properly denied.

"A careful examination of all the points to which our attention has been called in appellant's brief discloses no prejudicial error, and, as said by this court in *Los Angeles National Bank*

v. *Vance,* 9 Cal. App. 57, [98 Pac. 58], 'upon every principle of right and justice, as well as upon authority,' the judgment and order should be, and are, affirmed."

Sloss, J., Angellotti, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.