[L. A. No. 9276. In Bank.—December 14, 1927.]

In the Matter of the Estate of ALLEN FINCH, Deceased. J. A. FINCH et al., Appellants, v. MARY L. FINCH, Executrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—ACCOUNTS—APPEAL FROM DECREE SETTLING—PARTIES—ASSIGNMENT OF LEGACY.—Legatees under the will of a deceased person who have assigned all of their right, title, and interest in their bequest are not in a position to further participate in litigation over the account of the executrix and are not proper parties appellant on an appeal from the decree settling the same.

[2] ID.—BENEFICIARY UNDER TRUST—RIGHT TO APPEAR IN LITIGATION.—While a trustee under a testamentary trust has the right to appear and contest the settlement of an account of the executrix without joining his beneficiary, this does not prevent the beneficiary from becoming a party to the proceeding, either by join-

ing with his trustee or independent of said trustee, and he may participate in any other proceeding affecting the property of the estate which might tend to impair his beneficial interest in the trust.

[3] ID.—OMISSIONS FROM ACCOUNTS—ITEMS OF ACCOUNT IN PETITION FOR SALE OF PROPERTY.—While a petition for the sale of property in the estate of a deceased person, which sets forth certain claims and expenses and the amount of money then in the hands of the executrix, cannot, under the general practice, be substituted in lieu of current and annual accounts of the executrix, the failure of the executrix to render an account over the period covered by the items set forth in a petition for the sale of the property does not prejudice the rights of legatees contesting the executrix's accounts, where it appears that the court on the hearing of the petition after notice approved the items contested.

[4] ID.—PETITION FOR SALE OF PROPERTY—HEARING—NOTICE.—An order granting the petition of the executrix of an estate to sell real and personal property which was regularly set for hearing, and due and legal notice of said hearing given, as required by law, is binding upon all persons interested in the estate, even though they may not have personally appeared in said proceeding and made themselves actual parties thereto; and such an order is binding upon a legatee not only in his individual capacity, but as a trustee for another under the will.

[5] ID.—PETITION TO REMOVE EXECUTRIX—DETERMINATION OF VALIDITY OF JUDGMENT—RES ADJUDICATA.—Where the court in a proceeding by a legatee to remove the executrix of an estate of a deceased person, upon the ground, among others, that she had illegally paid a certain sum in settlement of a certain judgment, after a spirited contest, held the judgment to be valid and denied the petition, this conclusively established the legality of the payment and the question could not be thereafter raised on the settlement of a subsequent account.

(1) 24 **C. J.**, p. 1046, n. 53.   (2) 24 **C. J.**, p. 1007, n. 87; 39 **Cyc.**, p. 614, n. 5.   (3) 24 **C. J.**, p. 1052, n. 33.   (4) 24 **C. J.**, p. 612, n. 93, 96, p. 616, n. 55, p. 1033, n. 27.   (5) 34 **C. J.**, p. 876, n. 95.

APPEAL from an order of the Superior Court of Los Angeles County approving an account of an executrix. John M. York, Judge. Affirmed.

4. Judgment for or against person in one capacity as bar to suit by or against him in another capacity, notes, 7 **Am. St. Rep.** 175, 176; **Ann. Cas.** 1918E, 1096, 1103. See, also, 15 **Cal. Jur.** 200; 15 **R. C. L.** 1012.

The facts are stated in the opinion of the court.

Dwight V. Maurice and B. A. Finch for Appellants.

Ray Howard and Chas. M. Easton for Respondent.

CURTIS, J.—This appeal is from a decree approving the second current account of Mary L. Finch, executrix of the last will and testament of Allen Finch, deceased. Allen Finch died on the thirty-first day of December, 1914, leaving a last will and testament by the terms of which Mary L. Finch, the wife of said deceased, was devised and bequeathed one-half of the entire estate of the testator, and was also appointed executrix of his will; the appellants, J. A. Finch, Essie Sherewood, Jay A. Finch, and D. W. Finch, were each bequeathed the sum of $100; said appellant, W. G. Finch, was given $1,000, "through B. A. Finch as trustee"; the appellant, B. A. Finch, was given $3,000 with the express directions to pay to said J. A. Finch, who was testator's father, the sum of $25 per month during the lifetime of the latter, and B. A. Finch was devised and bequeathed the rest and residue of said estate. [1] After the filing by said executrix of said second current account and before the final hearing thereon, the appellants, Essie Sherewood, Jay A. Finch, and D. W. Finch, in consideration of the sum of $100 paid to each of them by the said Mary L. Finch, assigned and transferred to said Mary L. Finch all their right, title, and interest in the bequests of $100 each, to which they were respectively entitled under the will of said deceased. The point is now made that these three parties to this proceeding, having conveyed to the respondent all their interest in the estate, are not in a position to further participate in this litigation and are not proper parties appellant on this appeal. We think this point is well taken. Having conveyed all their right, title, and interest in the estate prior to the decree of the court settling and approving said account, they are not aggrieved parties within the provisions of the code section specifying those entitled to appeal from an order or judgment of the court, and have no standing in any proceeding instituted to reverse or modify said decree. [2] As to appellant J. A. Finch, it will be noticed that he is bequeathed by the terms of the will not only the

sum of $100, but is also made a beneficiary under the trust of $3,000 created under said will. While B. A. Finch, as trustee for J. A. Finch, might have appeared in said proceeding and have contested said account without joining his beneficiary (Code Civ. Proc., sec. 369), yet this right of the trustee does not prevent his beneficiary from becoming a party to said proceeding, either by joining with his trustee, or independent of said trustee (Code Civ. Proc., sec. 378; *Stackpole* v. *Pacific Gas & Electric Co.*, 181 Cal. 700 [186 Pac. 354]; *Horseshoe Pier etc. Co.* v. *Sibley,* 157 Cal. 442 [108 Pac. 308]). Respondent testified that she had paid to said J. A. Finch the sum of $100 in full payment of the devise in that amount in his favor and had his receipt therefor. He may not, therefore, as a direct legatee under said will, be a proper party to these proceedings for the reason that his bequest has been fully paid. As a beneficiary under the trust created under said will in his favor he has the right, as a party beneficially interested, to appear and contest said account or to participate in any other proceeding affecting the property of said estate, and which might tend to impair his beneficial interest in the trust created in his favor.

With these preliminary matters disposed of, we will now pass to the consideration of the main questions arising upon this appeal. Some two years or more after her appointment as executrix of the last will of said deceased, said Mary L. Finch, as such executrix, filed and presented to said probate court her first current account. This account covered the period of time beginning with her appointment as such executrix and extending to and including the twentieth day of October, 1917. After proceedings duly had in the matter of said estate said account was duly approved and allowed by said court. The correctness of this account is in no way questioned in this proceeding. The account showed a balance of cash on hand chargeable to said executrix of $13,336.17 at the time of the rendition thereof. The second current account, the validity of which is the subject of the present controversy, was filed on the tenth day of February, 1925, and purports to cover a period of time from the first day of October, 1918, to and including the thirtieth day of December, 1924. This account showed the amount of cash on hand at the commencement of said period of time as $5,946.06. The account further showed that subsequent to the first

account said executrix had filed and presented to said court her petition for the sale of real and personal property, and in connection therewith and as a part thereof there was set forth claims and expenses of administration amounting to the sum of $7,468.85, and that upon a hearing of said petition for the sale of real and personal property, the court passed upon and approved said claims and expenses, and further that the court found the amount of money then in the hands of said executrix and belonging to said estate to be the sum of $5,946.06. This petition bore date and was filed on December 3, 1918. It was further set forth in said petition that the family allowance theretofore ordered to be paid to the surviving wife of said deceased amounted on October 1, 1918, to the sum of $2,475, and the court on said hearing found that all the allegations of said petition were true. The second current account contains an allegation to the effect that the family allowance on October 1, 1918, amounted to said sum of $2,475, "so that said executrix begins this account as of October 1st, 1918, and charges herself with said gross amount of $5,946.06," although the actual date of the order of the court granting said petition to sell said real and personal property was not entered until July 30, 1919. It appears from the record before us that upon the filing of said petition for the sale of said real and personal property the appellant B. A. Finch, as a legatee under the will of said deceased, interposed and filed in court his written objections to the granting of said order. At about the same time said B. A. Finch, in his capacity as a legatee under said will, filed in said probate court a petition for the removal of the said executrix. To this petition the executrix filed her answer and the two proceedings—one for leave to sell real and personal property, and the other for the removal of said executrix—were heard by said court and resulted in two orders of court, one an order granting said petition to sell said real and personal property, and the other an order denying the petition of the said B. A. Finch for the removal of the said executrix. In each of these two proceedings the said B. A. Finch claimed, among other things, that the payment by said executrix of a certain claim of $6,500 in settlement of a judgment rendered against said estate in favor of C. M. and Mary E. Easton was illegal and was not a proper charge against said estate, and in his opposition to

the petition of the executrix for leave to sell real and personal property the said B. A. Finch denied that the sum of $2,475, or any sum whatever, was due, owing, or unpaid on the family allowance. The court expressly found in each of said proceedings ''that the particular claim of $6,500, the payment of which was objected to in said objections and by said beneficiaries, was a valid claim against the estate of said deceased at the time of the payment thereof.'' It further found in the matter of the petition to sell said real and personal property that all of the allegations of said petition were true, one of which was that the amount due on family allowance up to October 1, 1918, was the sum of $2,475. In their objections to the settlement and allowance of the second current account of said executrix the appellants herein again sought by proper allegations contained in their amended objections to the said second current account to attack the validity of the payment by said executrix of said claim of $6,500 in settlement of said judgment against the estate in favor of C. M. and Mary E. Easton, and also the amount of the family allowance, claiming that the only allowance ever made by the court in said estate for the support of the family of the deceased was for $75 per month for the period of one year only, amounting in the aggregate to the sum of $900. The probate court upon the hearing of said second current account and of said objections thereto of appellants made its decree approving said account. From this decree this appeal has been taken by appellants.

[3] Appellants first contend that said decree is erroneous for the reason that the second current account fails to cover the full period of time intervening between the settlement of the first account and the filing of said second account and for that reason it contains no statement of the receipts and expenditures of the said executrix during said period of time omitted from said account. As already stated the first account covers the period of time from the appointment and qualification of said executrix up to and including the twentieth day of October, 1917. The second account covers the time commencing on the first day of October, 1918, up to and including the thirtieth day of December, 1924. It is apparent, therefore, that there is no account rendered covering the time commencing on October 20, 1917, and ending on the first day of October, 1918. Respondent contends that this

omitted period, that is, the period of time from October 20, 1917, to October 1, 1918, is covered by schedules and exhibits contained in and made a part of the petition for the sale of real and personal property filed by said executrix on the third day of December, 1918. In other words, the respondent claims that the two accounts together with the petition for the sale of real and personal property cover the entire period of her administration of said estate from the date of her appointment up to the thirtieth day of December, 1924. No authority is presented by respondent in support of her contention that a petition for the sale of property may also serve as an account of the administration of the executrix for the period of time covered by said petition. The general practice of the profession, we think, is unquestionably against such a procedure. Accounts current and annual are as a rule intended to cover the entire period of administration of an estate by an executor or administrator. We think, therefore that the procedure adopted by the executrix in this estate was an innovation that finds sanction neither in the general practice nor in any of the provisions of the Code of Civil Procedure governing the administration of estates of deceased persons. We are not prepared to say, however, that this departure from the general procedure prescribed by the code was such an error that resulted in any prejudice to the rights of appellants. Section 1636 of the Code of Civil Procedure designates the matters in an account filed by an executor or administrator which may be contested by the heirs. This section provides that "All matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, *or on making a decree of sale,* may be contested by the heirs, . . . " The obvious intent of this section is to permit the heirs to contest certain matters included in an account, but to withhold such permission in matters already passed upon on the settlement of a former account or on rendering an exhibit, or on making a decree of sale. It is well settled that any claim against the estate or other expenditure made by an executor or administrator and included in an account, which account after due and legal notice of the hearing has been allowed and approved by the court, cannot again be contested by an an heir, or any person interested in the estate. From the terms of section 1636 the same rule applies to any claim,

item, or expenditure or other matter passed upon by the probate court "on making a decree of sale." In the petition for the sale of real and personal property filed herein, as we have already seen, there was set forth therein as the law then required (sec. 1537, Code Civ. Proc.), under the head of "the debts outstanding against the said defendant," the judgment of *C. M. Easton et al.* v. *Finch*, together with the statement that under order of said court, made on the eleventh day of July, 1918, it had been paid and settled in full by the payment by said executrix of the sum of $6,500. There was also set out in said petition of sale as then required by said section 1537, "the amount due on the family allowance," which amount was stated in said petition to be the sum of $2,475. This petition, after due notice, came on regularly for hearing and was approved by the court, and an order was made authorizing the executrix to sell the real and personal property then in her hands. The validity of the Easton judgment and the payment of said sum of $6,500 in satisfaction and settlement thereof were, therefore, directly passed upon by the court at the hearing of said petition of sale, and could not again be questioned or contested even if the same were again included in an account filed by said executrix. The same must be said regarding the family allowance. We are, therefore, of the opinion that appellants were not prejudiced by the omission of these items from said second current account, if we assume they should by law have been included therein. They had been once passed upon and approved by the court and we find no authority for any further consideration of their validity as legal claims against said estate.

[4] Appellants contend, however, that they were not bound by the order of court granting the petition of said executrix to sell said real and personal property. The petition was regularly set for hearing, and due and legal notice of said hearing was given as required by law. The order of court, therefore, made upon said hearing was binding upon all persons interested in said estate, even though they may not have personally appeared in said proceeding and made themselves actual parties thereto (*Miller* v. *Pitman*, 180 Cal. 540 [182 Pac. 50]). But in this case the record shows that the appellant, B. A. Finch, as legatee under the will of said deceased, filed written objections to said petition for ·

the sale of real and personal property, in which he objected specifically to the item of $6,500 paid out by said executrix in payment and settlement of the Easton judgment, and also to the amount alleged to be due on said family allowance, claiming that the order of court, decreeing said family allowance, provided that the same should be for one year only, and said B. A. Finch in his said written objections claimed that there was only $900 due on said family allowance. Said petition, together with the written objections thereto filed by said B. A. Finch, came on for hearing, and after the same had been duly considered by the court, together with the evidence produced by the respective parties, the court granted said petition and ordered the sale of said property. In said order of sale the court expressly found, as we have before stated, "that the particular claim of $6,500, the payment of which was objected to in said objections and by said beneficiaries, was a valid claim against the estate of said deceased at the time of the payment thereof, and that all of the allegations of said petition are true." This order of the court, granting said petition of sale and finding all of the allegations of said petition to be true, which included the item of $2,475, as due on the family allowance, was unquestionably binding upon said B. A. Finch, who had expressly made himself a party to said proceedings by filing said written objections and thereby contesting said petition. It was binding upon him not only in his individual capacity, but also in his representative capacity as trustee of J. A. Finch and W. G. Finch. He appeared "as legatee under said will." As such legatee he took certain of the property of said estate as his own individual and personal property, and he took other portions of said property as trustee for his father, J. A. Finch, and brother, W. G. Finch. When, therefore, he appeared "as a legatee under said will" he represented not only himself, but also the beneficiaries under the trust created by said will of which he was made trustee. He is, therefore, bound both in his individual and representative capacities by all lawful orders made by the court in all proceedings in which he appeared as a party therein. "If one sues as trustee, and afterwards in his individual capacity in respect of the same subject matter, he is bound by the decree in the former suit. For if, at

that time, he owned the subject of the trust he was representing himself; . . . " (2 Black on Judgments, 2d ed., sec. 536.) As was said in *Williams* v. *Southern Pac. Co.*, 54 Cal. App. 571, 578 [202 Pac. 356, 359] : "Without multiplying authorities, it may be stated as a general rule that where one appears in a representative capacity in one action and in his individual capacity in another action, involving the same subject matter, without any change in his relation to that subject matter, a judgment in the one case is conclusive of his rights in the other." If, therefore, he was bound by said decree in his representative capacity as trustee of J. A. Finch and W. G. Finch, the beneficiaries of said trust were also bound by said decree.

[5] It is hardly necessary to refer also to the proceedings instituted by B. A. Finch as "legatee under the will of Allen Finch, deceased," to remove said Mary L. Finch as executrix of said will. Among the acts of said executrix complained of by said B. A. Finch, and which were the basis of his claim for her removal was that she had illegally paid said sum of $6,500 in settlement of the Easton judgment. After a spirited contest in which the validity of said judgment was thoroughly gone into and considered, the court denied the petition to have said executrix removed and in the order denying the same found and directed "that the particular claim of $6,500, the payment of which was objected to in said objection and by said beneficiaries, was a valid claim against the estate of said deceased at the time of the payment thereof." This adjudication of the validity of said claim was in a proceeding in which all of the appellants, properly appearing herein, were represented as parties thereto, and accordingly conclusively established its legality as against said parties. Thus it appears that the matters which the appellants sought to litigate by their objections to said second current account had as to one of said matters—the validity of the Easton judgment—been twice before the court, and its legality established by orders of said court duly and regularly made and entered, and as to the other matter, the amount of the family allowance, the court had duly and regularly held in a proper proceeding in which all of said appellants, properly appearing herein, were represented, that it was not limited to one year, but that the amount due at the

time of the filing of said petition for the sale of real and personal property was the sum of $2,475. These matters were, therefore, as far as said appellants were concerned, *res adjudicata,* and could not again be contested on the hearing of said second current account.

The decree, therefore, approving said account is affirmed.

Richards, J., Seawell, J., Preston, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.