*In re* ESTATE OF TOBY PROVUS, Deceased.—(JILL MYERS PROVUS *et al.*, Petitioners-Appellants, *v.* BERNARD KURLAN *et al.*, Respondents-Appellees.)

(Nos. 60455, 60696 cons.;

First District (5th Division)—June 27, 1975.

*Rehearing denied July 28, 1975.*

Lowell J. Myers, of Chicago, for appellants.

Bernard Kurlan and Erwin Shafter, both of Chicago (Harry G. Fins, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Petitioners, remainder beneficiaries of a testamentary trust created by the will of Toby Provus to provide for her residuary estate, appeal from an order denying their amended petition objecting to the final account of the coexecutors under the will and from denial of their motion to vacate the order. They also appeal from the orders approving the co-

executors' final accounting, discharging the coexecutors, and closing the estate. They contend that the trial court erred, as a matter of law, in ruling that they had no right to object to the coexecutors' final accounting.

Toby Provus died leaving a will which appointed respondents as the coexecutors. After making certain specific bequests and providing for the payment of various expenses, the will created a testamentary trust to provide for the decedent's residuary estate. Respondents were also appointed as cotrustees. The trust required the trustees to pay a specific monthly sum and all medical expenses to the decedent's brother and sister during their respective lives. Upon the death of both those persons, the trust is to terminate except for funds set aside to pay certain insurance premiums. One third of the trust res is then to be distributed to charity and the remainder, after payment of certain other specific bequests, is to be distributed equally among a class of the decedent's relatives which includes petitioners.

On June 22, 1973, almost 5 years after the decedent's death, the court entered a rule on respondents to show cause why they should not be held in contempt of court. The rule was based upon the court's finding that respondents had failed to comply with section 289 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 289) which requires a timely filing of a final accounting. On respondents' motions, the hearing on the rule was continued on various occasions. On January 24, 1974, respondents presented a final report to the court.

Petitioners, who had received no notice of the presentation of the final report, asked leave on February 19, 1974, to file a petition requesting the court to disapprove the report. After hearing arguments, Judge Robert Jerome Dunne, on February 22, 1974, granted them leave to file their petition, ordered respondents to reply, and assigned the matter to Judge Anthony J. Kogut. Thereafter, they filed a motion for leave to amend their petition. On April 10, 1974, the matter came on for hearing before Judge John E. Richards and after hearing arguments, he granted them leave to file their amended petition.

On April 10, 1974, they filed their amended petition alleging that Toby Provus died on August 30, 1968; that respondents were appointed coexecutors under the decedent's will on October 31, 1968, and were named cotrustees of the testamentary trust; that the life beneficiaries under the trust are both about 80 years old; that on May 23, 1973, Gregory Gelderman was appointed special administrator of the estate; that from time to time respondents, in their capacity as coexecutors, had filed various documents; and that on January 24, 1974, they presented to the court,

but did not file, a final account. The amended petition further alleged that respondents had not given petitioners notice of the presentation of the final account; that the final account contains gross errors and omissions; that petitioners have a direct financial interest in the estate as remainder beneficiaries under the trust; and that they have a legal right to file objections to the final account.

Respondents filed a motion to strike the amended petition in which they alleged that they adequately performed their duties; that the amended petition was inaccurate and ambiguous; and that petitioners are not interested parties under the law and have no right either to notice of the final accounting or to object to that accounting. Petitioners answered the motion by reasserting their legal right to notice and to object and affirmatively realleged the matters set forth in their amended petition. After hearing arguments Judge Kogut, on April 26, 1974, denied the amended petition.

Petitioners then filed a motion to vacate the court's order and set forth 13 specific objections to the final account. Among the objections are allegations that specific items of income had been omitted from the accounting; that one 6-month period during the administration of the estate had not been accounted for at all; and that certain expenses had been overstated. Other objections are an error of over $30,000 in reporting the proceeds of the sale of one asset and the failure to account at all for another asset having a value more than $100,000. The motion also sought vacatur of any orders approving the final account, discharging the executors, or closing the estate. On May 1, 1974, after additional argument, Judge Kogut denied the motion to vacate. On the same day, Judge Louis J. Hyde signed orders approving the final account, discharging the coexecutors, and closing the estate. Petitioners appeal from the entry of the orders of April 26, 1974, and May 1, 1974.

OPINION

The instant case presents a single issue: whether petitioners have a legal right to object to the coexecutors' final account.

Petitioners, relying upon section 3a of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 3a) and upon the fact that their remainder interest under the testamentary trust will be depleted by the coexecutors' alleged mismanagement, contends that the trial court erred, as a matter of law, in ruling that they are not interested persons and, therefore, have no right to object. Section 3a of the Probate Act provides:

"On the court's own motion or on motion made by interested person, before or during any hearing, any person who desires to

oppose the entry of an order, judgment or decree by the court shall file, as directed by the court, a pleading disclosing the grounds of opposition."

On the other hand, respondents argue that petitioners, as trust fund remainder beneficiaries, are not "interested persons" in the estate and that the instant case is governed by section 290 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 290) which provides:

"Notice of the hearing on any account of an executor or administrator shall be given as the court directs to unpaid creditors and to every person entitled to a share of the estate who has not received that share in full. If the account is approved by the court upon the hearing, in the absence of fraud, accident, or mistake, the account as approved is binding upon all persons to whom the notice was given. No notice need be given to any person from whom a receipt in full is exhibited to the court or who enters his appearance in writing and waives notice."

■■ The Illinois Probate Act itself does not expressly indicate who may or may not object to an executor's final accounting. Section 290 (Ill. Rev. Stat. 1973, ch. 3, par. 290) relied on by respondents does not address the issue as to who may object. By its terms, it specifies only those persons entitled to receive *notice* of the accounting. Nonetheless, it may be inferred that persons entitled to notice (unpaid creditors and persons entitled to share in the estate who are unpaid) are also entitled to object. However, it does not necessarily follow that only those persons, and no others, may object.

■■ We believe petitioners are entitled to object to the executors' final account. Section 3a of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 3a) indicates that any "interested person" may file pleadings in probate matters and section 306 of the Act (Ill. Rev. Stat. 1973, ch. 3, par. 306) provides that "aggrieved" persons may institute actions against executors for mismanagement. We believe the terms "interested persons" and "aggrieved" persons must at least include persons who, as in this case, have an interest in maintaining the assets of the estate intact. (See *In re Lipchik*, 27 Ill.App.3d 331, 335-336, 326 N.E.2d 464, 467-468; *In re Estate of Shields*, 320 Ill.App. 522, 533, 51 N.E.2d 816, 821.) Moreover, we note that in other states persons in positions similar to petitioners have been permitted to object to an executor's final accounting. (*In re Estate of Brown* (1938), 24 Cal.App.2d 573, 75 P.2d 658; *In re Estate of Linch* (1927), 202 Cal. 612, 262 P. 34, 35.) Accordingly, we hold that petitioners here did have a legal right to object to the respondents' final accounting.

The trial court's order denying petitioners' amended petition is reversed and the cause is remanded to the trial court with directions to reverse the orders approving the final account, discharging the coexecutors, and closing the estate and to hold a hearing on petitioners' objections.

Reversed and remanded with directions.

DRUCKER and SULLIVAN, JJ., concur.